ROSA L. LEÓN DE ALBÓNIGA, peticionaria y recurrente, *v.*
JUNTA DE PERSONAL DEL ESTADO LIBRE ASOCIADO DE
PUERTO RICO, demandado y recurrido.

*Número:* O-71-119      *Resuelto:* 14 de enero de 1972

*Luis Muñoz Rivera*, abogado de la peticionaria; *Gilberto Gierbo-lini, Procurador General*, y *Rurico E. Rivera Rivera, Procurador General Auxiliar*, abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El día 15 de diciembre de 1969 el Secretario de Salud separó de su puesto de enfermera IV en el Hospital Universitario de Río Piedras, a la señora Rosa L. León de Albóniga. Inconforme con esta decisión la empleada acudió ante la Junta de Personal. Ésta delegó en su secretario la celebración de vista pública, conclusiones y decisión. 3 L.P.R.A. sec. 646(a)(6). Ante dicho delegado las partes sometieron y fue aprobada, la siguiente:

"Estipulación

Lic. Rivera:

La compañera que representa al Departamento de Salud, Lic. Blanca Rivera, compañera estimada y yo hemos preparado una estipulación que es la siguiente:

La señora Rosa L. León de Albóniga empezó a trabajar como supervisora de la Sala de Cirugía del Hospital Universitario en el mes de octubre de 1967, cobrando por contrato de la Escuela de Medicina.

El 15 de febrero de 1969 continuó con el mismo puesto y con las mismas funciones a base de un nombramiento cuya notificación oficial fue hecha por la Oficina de personal el día 3 de febrero de 1969. El día 19 de septiembre de 1969, el día 21 de octubre de 1969 y el día 14 de noviembre de 1969 se le hicieron evaluaciones preliminares por la señora Calixta Arroyo, Directora de Enfermeras del Hospital Universitario. La señora Calixta Arroyo venía supervisando la labor de la señora León de Albóniga desde el mes de agosto de 1968. La señora Arroyo y

las otras supervisoras cobraron siempre del Departamento de Salud.

El 15 de diciembre de 1969 se separó a la señora León de Albóniga de su puesto utilizando el procedimiento dispuesto para los empleados probatorios. La señora León de Albóniga alega que ella de hecho y de derecho había adquirido el status de permanencia y que no era una empleada con status probatorio. Se somete el caso exclusivamente a base de la cuestión de si la señora León de Albóniga tenía derecho a que se le formularan cargos o no, por haber adquirido el status de permanencia.

Se solicita la eliminación del récord de todo el testimonio que tiene que ver con la manera en que la señora León de Albóniga desempeñaba sus funciones ya que dicho testimonio resulta académico a la luz de la cuestión única que debe decidir la Junta de Personal.

Si la señora León de Albóniga había adquirido el status de permanencia tiene derecho a que se le restituya en su puesto y se le formulen cargos, de ser empleada temporera no tiene derecho a que se le restituya en su puesto.

Esa es la estipulación que sometemos al presidente de esta vista.

Lic. Rivera:

Estamos de acuerdo, el caso sometido."

Después de considerar el informe rendido por el Secretario, la Junta resolvió que la señora León de Albóniga no era una empleada permanente y que el procedimiento seguido para separarla de su puesto era el correcto. El Acta Núm. 70-69 de la Junta reza así:

"La Junta consideró el informe del Secretario, en relación con la vista celebrada por él en este caso, en la cual se estipuló por las partes someter el caso exclusivamente a base de la cuestión legal de sí la señora León de Albóniga tenía derecho a que se le formularan cargos o no por haber adquirido el status de permanencia. Esta Junta determina que al ella pasar a ocupar el puesto de enfermera IV al Hospital Universitario de Río Piedras y por ende, en el Departamento de Salud, tenía que cumplir con un período probatorio. Al ser separada, el Departamento de Salud no había hecho la determinación que requiere la Sección 21(b) de la Ley de Personal, de notificar al Director de que los

servicios de la apelante fueron satisfactorios. Por el contrario, desde antes de su separación la autoridad nominadora había dicho que no eran satisfactorios y que no continuaría en su empleo. Por lo tanto, esta Junta entiende que el procedimiento llevado a cabo por la autoridad nominadora al separar a la empleada apelante, Sra. León de Albóniga, en período probatorio fue el procedimiento correcto."

De esta decisión acudió la empleada ante el Tribunal Superior, Sala de San Juan, en solicitud de revisión. Alegó que la Junta había cometido error (a) al determinar que la peticionaria, al pasar a ocupar el puesto de Enfermera IV al Hospital Universitario de Río Piedras . . . tenía que cumplir un período probatorio; y (b) al concluir que el procedimiento seguido por la autoridad nominadora al separar de su puesto a la empleada apelante, era el correcto. Alegó además en la alternativa que para la fecha de su separación ya había transcurrido el período probatorio.

El tribunal declaró con lugar una moción de desestimación presentada por la Junta concluyendo ". . . que carece de jurisdicción para entender en la presente causa por considerar los hechos de la misma enmarcados bajo las disposiciones de la Sección 21 [3 L.P.R.A. sec. 661] cuya revisión judicial no está permitida según lo dispone la Sección 6 [3 L.P.R.A. sec. 646] de la Ley Núm. 345 de 12 de mayo de 1947."

La susodicha Sec. 21 (3 L.P.R.A. sec. 661) dispone que toda persona nombrada en un puesto dentro del Servicio por Oposición mediante certificación de su nombre de un registro estará sujeta a una prueba práctica en dicho puesto y que el período de duración de dicha prueba práctica comenzará al tomar posesión de su cargo y continuará durante el tiempo que establezcan las reglas. Dispone además, que "[E]n cualquier tiempo durante el período de la prueba práctica, la autoridad nominadora podrá separar de su cargo a dicho empleado, si en opinión de dicha autoridad nominadora, la prueba práctica demuestra que tal empleado es inepto o no

desea cumplir sus deberes de manera satisfactoria, o que sus hábitos y confiabilidad no ameritan que continúe en el servicio."

Por otro lado la Sec. 6 (3 L.P.R.A. sec. 646) aludida por el Tribunal Superior en su resolución, dispone que las decisiones de la Junta serán finales, salvo en caso de destituciones, en los cuales se podrá acudir en revisión ante la Sala del Tribunal Superior de Puerto Rico dentro de cuya demarcación territorial prestare servicios el empleado destituido.

■ Cuando el empleado es separado de su cargo durante el período de la prueba práctica, por las razones expuestas en la ley, y sobre ello no hay controversia, la decisión de la Junta de Personal es final y no está sujeta a revisión judicial. Si bien en este caso la Junta, siguiendo las conclusiones y recomendaciones contenidas en el informe de su delegado, resolvió que la señora León de Albóniga era una empleada temporera sujeta a ser separada de su empleo sin formulación de cargos, era esa precisamente la controversia, pues según alegó en su solicitud de revisión ante el Tribunal Superior, ella ya había adquirido el status de empleada permanente, (1) por razón de los deberes y funciones del cargo que venía desempeñando desde hacía dos años, y (2) en la alternativa, porque cuando se decretó su separación ya había transcurrido el período de la prueba práctica.

Recuérdese que la Junta fundó su decisión en el informe que le rindiera su delegado. Ese informe no fue presentado ante el tribunal sentenciador, y tal parece por lo que se desprende de las citas que de dicho informe hace el Procurador General en su alegato, que el delegado consideró el historial que aparecía en el expediente personal de la recurrente, obrante en la Junta. Tampoco el tribunal a quo tuvo ante sí dicho expediente.

■ De todos modos, el Tribunal Superior debió resolver la controversia suscitada en la Solicitud de Revisión de la aquí peticionaria y para ello debió asumir jurisdicción. La de-

terminación por la Junta de que un empleado desempeña su puesto temporeramente, esto es, en el período de práctica, cuando sobre ese hecho existe controversia, no despoja de su jurisdicción a los tribunales, para considerarlo y resolverlo.

Por las razones expuestas, *debe revocarse la resolución del Tribunal Superior, Sala de San Juan, y devolverse el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.