Luz Minerva Ortiz Rosa, demandante y recurrente, v. Joaquín Acevedo Moreno, Alcalde del Municipio de Aguadilla, demandado y recurrido.

*Número:* R-78-230     *Resuelto:* 7 de noviembre de 1978

*Antonio Reyes Delgado,* abogado de la recurrente; *Roldán & Márquez,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El día 1° de julio de 1976 la Sra. Alcaldesa de Aguadilla nombró a la recurrente Luz Minerva Ortiz Rosa directora del Centro Geriátrico del Barrio Higuey, "con carácter provisional y hasta tanto sus servicios sean necesarios en esta Administración", con sueldo de $425.00 mensuales. En las elecciones generales del 2 de noviembre de ese año resultó electo el Sr. Acevedo Moreno por un partido distinto al de la Alcaldesa Sra. Igartúa de Suárez y el 31 de diciembre siguiente la ejecutivo municipal saliente extendió un nuevo nombramiento para el mismo cargo a la recurrente Ortiz Rosa, esta vez "con carácter permanente" que ella aceptó el mismo día. El 14 de febrero de 1977 el nuevo Alcalde envió a dicha Directora del Centro Geriátrico una carta de cesantía y despido invocando como razón la nulidad de su nombramiento en contravención del Art. 4.7 de la Ley de Personal del Servicio Público de Puerto Rico.

La empleada despedida presentó solicitud de *mandamus* contra el Alcalde ante la Sala de Aguadilla, impugnando la separación por haberse efectuado sin previa formulación de cargos, sin ser oída en vista y sin causa justificada, alegando discrimen político y exigiendo su reposición en el empleo con abono de salarios devengados durante la cesantía. Después de un juicio en los méritos, el Tribunal Superior declaró sin lugar la demanda.

Al recurso de la empleada, considerando el debido proceso para destitución de empleados del Art. 93 de la Ley Munici-

pal (21 L.P.R.A. sec. 1553), nuestra decisión sobre permanencia de los empleados municipales en *Bezares* v. *González, Alcalde*, 84 D.P.R. 468 (1962), y el posible impacto de la Sec. 4.7 de la Ley de Personal (Núm. 5 de 14 octubre de 1975) en su prohibición a la autoridad nominadora de intervenir con el personal por dos meses anteriores y dos meses siguientes a las elecciones generales, decidimos revisar.

■ Para el 1° de julio de 1976 cuando se extendió nombramiento "provisional" a la recurrente no había entrado en vigor la Ley de Personal del Servicio Público de Puerto Rico que es la Núm. 5 de 14 de octubre, 1975 (3 L.P.R.A. sec. 1301 *et seq.*). Su Sec. 10.7 dispuso que con excepción de lo referente a la estructuración de la Oficina, las demás disposiciones entrarían en vigor "una vez aprobada y promulgada la reglamentación necesaria para instrumentar [la] ley, lo cual deberá hacerse en un período no mayor de doce meses a partir de [su] aprobación" y dicho Reglamento comenzó a regir antes del 31 de diciembre de 1976. El nombramiento quedó reglado por el Art. 91 de la Ley Municipal (21 L.P.R.A. sec. 1551) disponente que los nombramientos hechos por el Alcalde se harán por un término probatorio de seis (6) meses, durante el cual el Alcalde evaluará los servicios prestados por el nuevo empleado; y si determinare durante ese período probatorio que los servicios del nuevo empleado no son satisfactorios, podrá dejar sin efecto el nombramiento *en cualquier momento* no siendo de aplicación lo preceptuado en el Art. 93 de la Ley (21 L.P.R.A. sec. 1553) (¹) sobre previa formulación de cargos y vista. *Cf. León* v. *Junta de Personal*, 100 D.P.R. 351, 354 y ss. (1972).

---

(¹) En lo pertinente dispone el Art. 93 de la Ley Municipal:

". . . Los funcionarios y empleados municipales podrán ser destituidos por el Alcalde, por justa causa, previa formulación de cargos y previa audiencia señalada con diez (10) días de anticipación."

Hemos de presumir que la empleada demostró su aptitud y confiabilidad para ejercer el cargo durante el período de prueba práctica, toda vez que el 31 de diciembre de 1976 se le extendió un nombramiento permanente. Para esta fecha ya regía la Ley de Personal del Servicio Público, *supra,* que en su Sec. 4.7 (3 L.P.R.A. sec. 1337) ordena:

"A los fines de asegurar la fiel aplicación de mérito en el servicio público durante períodos pre y post eleccionarios, las autoridades deberán abstenerse de efectuar cualquier transacción de personal que envuelva las áreas esenciales al principio de mérito, tales como nombramientos, ascensos, descensos, traslados y cambios de categoría de empleados.

Esta prohibición comprenderá el período de dos meses antes y dos meses después de la celebración de las Elecciones Generales en Puerto Rico. En el caso de los municipios se entenderá que la prohibición se extiende hasta el segundo lunes del mes de enero siguiente a dichas Elecciones Generales.

Se podrá hacer excepción de esta prohibición por necesidades urgentes del servicio, previa la aprobación del Director, conforme a las normas que se establezcan mediante Reglamento."

La extensión de nombramiento permanente por la Alcaldesa fue un cambio de categoría realizado después de las elecciones, una de las intervenciones con el personal específicamente vedada por la transcrita Sec. 4.7 durante el período de dos meses que se extendió del 6 de noviembre de 1976 al 5 de enero[2] de 1977. No se alegó ni se probó que el nombra-

---

[2] Tanto la recurrente como el juez sentenciador expresaron preocupación porque la Alcaldesa pudo haber superado la prohibición ya que ocupó su puesto hasta el 9 de enero de 1977, y los dos meses post eleccionarios habían expirado el 5 de enero. La Ley de Personal fue enmendada por la Núm. 49 de 7 de junio de 1977, pág. 110, insertando en la Sec. 4.7 lo siguiente: "En el caso de los municipios se entenderá que la prohibición se extiende hasta el segundo lunes del mes de enero siguiente a dichas Elecciones Generales." Este segundo lunes de 1977 cayó en 10 de enero.

miento fuese de excepción, reconocida por el estatuto, cuando responde a necesidades urgentes del servicio público, por lo que dicho nombramiento "permanente" fue espurio y sin consecuencia jurídica alguna por contravenir la expresa disposición de ley.

La prohibición contenida en la citada Sec. 4.7 es salvaguarda por excelencia del principio de mérito que rige el servicio público, [3] detente legislado para los cuatro meses en que por llegar a máxima efervescencia las pasiones políticas, pueden las flaquezas humanas traducidas a bondad para los partidarios o represalia contra el adversario, determinar cambios en el personal extraños y opuestos al fundamental principio. *Cf. Hermina González* v. *Srio. del Trabajo*, 107 D.P.R. 667 (1978). No se probó, ni siquiera se sugirió que la Alcaldesa de Aguadilla dispensara un favor político al extender nombramiento permanente a la recurrente, mas la presunción de que los deberes de un cargo han sido cumplidos con regularidad, Art. 102(15) Ley de Evidencia—32 L.P.R.A. sec. 1887 (15)—no protege su actuación, pues no hay duda de que la ley no fue acatada. La severidad de la prohibición que toma cuerpo en la diáfana redacción del estatuto, no

---

[3] Art. 2.—Declaración de Política Pública (3 L.P.R.A. sec. 1311):

"La política pública del Estado Libre Asociado de Puerto Rico en lo relativo al personal del servicio público, es la que a continuación se expresa:

"(1) Establecer el mérito como el principio que regirá todo el servicio público, de modo que sean los más aptos los que sirvan al Gobierno y que todo empleado sea seleccionado, adiestrado, ascendido y retenido en su empleo en consideración al mérito y a la capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas o religiosas.

"(2) A fin de asegurar la extensión y el fortalecimiento del principio de mérito a todos los sectores del servicio público puertorriqueño, todos los empleados públicos sean éstos empleados estatales, municipales, o de corporaciones públicas, estarán cubiertos por un solo sistema de personal, establecido para hacer cumplir el principio de mérito, el cual se conocerá como Sistema de Personal del Servicio Público."

queda enervada por los buenos propósitos de la autoridad nominadora. [4] Unicamente para el caso de necesidad urgente del servicio público, cede la prohibición pero en forma condicionada a la previa aprobación del Director de Personal y conforme a las normas del Reglamento. [5] El nombramiento impugnado nunca satisfizo la excepción a la disposición prohibitiva y es nulo por ser un acto ejecutado contra lo dispuesto en la ley. Art. 4, Código Civil (31 L.P.R.A. sec. 4).

*La sentencia revisada será confirmada.*

---

[4] Art. 20. Código Civil (31 L.P.R.A. sec. 20):

"Cuando las leyes, para prevenir fraudes o por motivos de utilidad pública, declaren ciertos actos nulos, sus disposiciones no deben ser dispensadas o incumplidas por la razón de que haya sido probado que en la cuestión particular de que se trate no haya fraude o no resulte ser contraria a la utilidad pública."

[5] El Art. 11 del Reglamento de Personal (OCAP) luego de transcribir el 1° y 2° párrafos de esta Sec. 4.7 de la Ley, explica:

"Esta prohibición será absoluta a excepción de aquellas transacciones de personal en que el abstenerse de efectuarlas afectaría adversamente los servicios que se prestan en programas esenciales.

"Toda excepción deberá tener la aprobación previa del Director. En la solicitud al Director deberán indicarse los efectos adversos que deben evitarse mediante la excepción."