OVIDIO DELGADO RIVERA, peticionario y recurrente, *v.* ROBERTO IGLESIAS PÉREZ [ALCALDE DE CAROLINA] ET AL., demandados y recurridos.

*Número*: O-78-450      *Resuelto*: 29 de junio de 1979

*Iván Pagán Hernández,* abogado del recurrente; *Charles H. Dapena Roig, José Enrique Amadeo* y *Osvaldo A. Villanueva,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Debemos determinar qué efecto tuvo sobre el Art. 93 de la Ley Municipal([1]) la aprobación de nuestra vigente Ley de

---

([1])Reza:

"Habrá en cada municipio una Comisión compuesta de tres personas, nombradas

Personal del Servicio Público de Puerto Rico y la subsiguiente promulgación de su Reglamento,(²) para resolver la controversia que suscita este recurso.

El 30 de setiembre de 1977 el Alcalde de Carolina, Hon. Roberto Iglesias Pérez, le cursó comunicación al demandante

por el Alcalde, con el consejo y consentimiento de la Asamblea Municipal, para ventilar querellas contra los funcionarios y empleados municipales, con excepción del Alcalde. Cada Comisión será nombrada por el mismo término por el cual hubiese sido electo el Alcalde y sus miembros desempeñarán sus cargos hasta que sus sucesores sean nombrados y tomen posesión de los mismos, a menos que antes hubieren sido destituidos por el Alcalde, por justa causa. Los miembros de cada Comisión recibirán, en calidad de reembolso por gastos, una dieta de diez (10) dólares por cada día de vista o sesión a que asistan y de diez (10) centavos por kilómetro en viajes de ida y vuelta desde el sitio de su residencia hasta el sitio de la reunión y su regreso. La Comisión no podrá actuar a menos que esté constituida por un mínimo de dos de sus miembros, quienes podrán tomar decisiones. Los miembros de la Comisión no podrán ser funcionarios ni empleados municipales, ni podrán ser personas que tengan interés en contratos o convenios con el municipio, ni que tengan nexos familiares con el Alcalde, los asambleístas o los funcionarios municipales. Los funcionarios y empleados municipales podrán ser destituidos por el Alcalde, por justa causa, previa formulación de cargos y previa audiencia señalada con diez (10) días de anticipación. Dicha audiencia se celebrará ante la Comisión del municipio correspondiente y en la misma el funcionario o empleado afectado podrá defenderse de los cargos y estar representado por abogado. Cualquier funcionario o empleado podrá ser suspendido de empleo y sueldo por el Alcalde cuando éste le formule cargos. De la resolución de la Comisión podrá tanto el funcionario o empleado como la parte actora, dentro de los quince (15) días de haberse emitido y notificado dicha resolución, solicitar revisión judicial de la resolución para ante el Tribunal Superior, el cual podrá celebrar un juicio de novo, cuando no exista un récord adecuado de los procedimientos seguidos ante la Comisión.

"No obstante, lo anterior, el Alcalde puede suspender de empleo y sueldo, como medida disciplinaria, a cualquier empleado por un período de tiempo que no exceda de treinta (30) días en cualquier período de doce (12) meses. En todo caso el Alcalde le comunicará por escrito al empleado afectado las causas de la acción tomada, y éste tendrá derecho de apelación dentro de un término de quince (15) días ante la Comisión para que dicho organismo confirme, modifique o revoque la determinación del Alcalde, previa audiencia celebrada al efecto conforme a lo dispuesto en la presente sección. En estos casos, la decisión de la Comisión será definitiva e inapelable.

"El Secretario de Justicia o su representante autorizado podrá formular cargos por querellas presentadas por cualquier ciudadano particular o por el Contralor contra cualquier funcionario o empleado, a excepción del Alcalde, por cualesquiera de las faltas administrativas previstas en las secs. 1160, 1259, 1260 y 1621 de este título. Podrá, asimismo, apelar de la decisión de la Comisión, cuando no estuviere conforme con ésta, dentro de los quince (15) días de haberse emitido la misma, ante el Tribunal Superior, el cual revisará el caso a base del récord o, de no ser éste suficiente, podrá ver el caso de nuevo en su fondo. El Tribunal podrá confirmar,

Ovidio Delgado Rivera en la que le participaba que procedía a suspenderle de empleo y sueldo arguyendo como razón para su proceder la negligencia del demandante en el desempeño de sus labores. La carta constaba de varios párrafos en los que se hacía un recuento de los hechos que se le imputaban, expresando el último párrafo lo siguiente:

"Obviamente la forma en que usted ha descargado sus obligaciones dista mucho de lo que se espera de un funcionario público diligente en sus tareas, por lo que, procedo a suspenderle de empleo y sueldo inmediatamente y le comunico de su derecho a apelar de esta decisión conforme a la Ley #5 de de [sic] 14 de octubre de 1975, dentro de los próximos quince (15) días a partir de la fecha del recibo de esta notificación. De no apelar usted dentro de este término quedará permanentemente destituido del servicio público."

El 10 de octubre de 1977, el demandante ignoró las instrucciones sobre apelación que le indicara el Alcalde y atendiendo al procedimiento ya descrito, que provee la Ley Municipal, apeló de la decisión de dicho Alcalde ante la Comisión de Querellas Municipales del Municipio de Carolina. Transcurría el tiempo y ante la inacción de la referida Comisión, el recurrente radicó en 19 de abril de 1978 ante el Tribunal Superior de Puerto Rico, Sala de San Juan, petición

revocar o modificar la resolución de la Comisión de la cual se apela, y podrá, asimismo, exonerar o imponer las mismas sanciones que podría imponer la Comisión.

"Cuando por cualquier razón no existiere la Comisión en algún municipio, o existiere cualquier impedimento para que la misma pueda desempeñar sus funciones y existieren cargos contra cualquier funcionario o empleado del municipio, el Gobernador podrá nombrar una Comisión, ad hoc, compuesta de tres miembros para ventilar dichos cargos.

"Las querellas por las faltas administrativas previstas en las secs. 1160, 1259, 1260 y 1621 de este título no podrán ser formuladas una vez haya transcurrido un plazo de tres (3) años desde que se hubiere cometido la falta de que se trate." 21 L.P.R.A. sec. 1553.

(²)La Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 del 14 de octubre de 1975, dispuso en su Sec. 10.7 que en lo referente a la estructuración de la Oficina de Personal la misma comenzaría a regir inmediatamente después de su aprobación, pero que las demás disposiciones entrarían en vigor una vez aprobada y promulgada la reglamentación necesaria para instrumentar la misma, lo que sucedió en 14 de octubre de 1976. Ver Leyes de Puerto Rico, 1975, parte 2, pág. 834 y Art. 19 del Reglamento de Personal.

de *mandamus* contra el Alcalde de Carolina y la Comisión de Querellas del municipio.

El Tribunal Superior desestimó el recurso entendiendo que la controversia correspondía en primera instancia a la Junta de Apelaciones del Sistema de Administración de Personal, a tenor con las disposiciones de la Ley de Personal del Servicio Público de Puerto Rico, toda vez que a su juicio el procedimiento que establece la Ley Municipal en casos de destituciones quedó sustituido por el que se establece para los mismos casos en la Ley de Personal. Oportunamente, el peticionario ha acudido ante nos en recurso que tituló apelación y que hemos tomado como revisión.

Concedimos a las partes plazo para que nos ilustraran sobre el estado de vigencia del citado Art. 93 de la Ley Municipal y sobre la corrección y eficacia jurídica de las advertencias sobre el derecho de apelación héchasle al recurrente por el Alcalde en la carta de despido. Comparecieron ambas partes.

Al aprobar la Asamblea Legislativa la vigente Ley de Personal concentró sus esfuerzos en precisar una política pública de reafirmación del principio de mérito, haciéndolo extensivo a todos los sectores del empleo público. Sobre las bases que ofrece esa declaración de política pública se estableció en la Ley un sistema de personal "completo e integrado que incorpora los más modernos conceptos de la administración de personal." Exposición de Motivos, Leyes de Puerto Rico 1975, Parte 2, pág. 801. Así pues, resultó elemento fundamental de la nueva legislación los conceptos de integración y de uniformidad, de suerte que los empleados públicos de una u otra entidad gubernamental vieran igualmente garantidos los derechos y prerrogativas que son corolario del principio de mérito, Sec. 2.1, 3 L.P.R.A. sec. 1311.[3] Véase J. R. Feijoó, *La nueva ley de personal: problemas en su implementación*, 40 Rev. C. Abo. P.R. 257, 262 (1979).

[3] Dicha Sec. 2.1, donde se manifiesta la política contenida en la Ley, dispone en parte:

■ Así, y con ánimo de que el principio de mérito pudiera aplicarse con la mayor efectividad, la Ley delegó funciones operacionales en las autoridades nominadoras que tendrán la responsabilidad de aplicar dicho principio conforme a reglas y normas que se establecerían centralizadamente. Sec. 4.2, 3 L.P.R.A. sec. 1332. El organismo directivo general creado pasó a ser la Oficina Central del Sistema de Administración de Personal, responsable a tenor con el mandato de ley de prescribir las normas generales para la aplicación del principio de mérito, de asesorar a las agencias en la preparación de sus reglamentos, de aprobar luego los mismos y de evaluar la vigencia del principio de mérito en todo el servicio público. Sec. 3.3, 3 L.P.R.A. sec. 1323. La Oficina Central tiene así ingerencia directa sobre un grupo de agencias que comprenden la Administración Central, que son mayormente las agencias comprendidas anteriormente en el Servicio por Oposición.

■ Por otro lado, para atender aquellas agencias comprendidas hasta entonces en el Servicio Exento o en el Servicio sin Oposición se creó el concepto de Administradores Individuales. Los Alcaldes participan de esta última calidad ya que fueron incluidos expresamente. Sec. 5.3 (2), según enmendada, 3 L.P.R.A. sec. 1343(2). No obstante, surge de los informes de las Comisiones de Gobierno y de Derechos Civiles del Senado de Puerto Rico en sus recomendaciones para la aprobación del proyecto que se convertiría en la Ley de Personal: "a estas agencias les serán aplicables las reglas y normas generales que apruebe el Director de la Oficina Central para hacer valer el principio de mérito con respecto a las áreas esenciales de clasificación, reclutamiento, selección,

---

"(2) A fin de asegurar la extensión y el fortalecimiento del principio de mérito a todos los sectores del servicio público puertorriqueño, todos los empleados públicos, sean éstos empleados estatales, *municipales*, o de corporaciones públicas, estarán cubiertos por *un solo sistema de personal*, establecido para hacer cumplir el principio de mérito, el cual se conocerá como Sistema de Personal del Servicio Público." (Énfasis nuestro.)

ascensos, traslados, descensos, adiestramiento y retención."
*Informe de las Comisiones de Gobierno y Derechos Civiles del Senado de Puerto Rico sobre el P. del S. 1428,* pág. 28. Así lo dispuso la Ley en el inciso (1) de su Sec. 5.7:

"Los Administradores Individuales deberán adoptar para sí un reglamento con relación a las áreas esenciales al principio de mérito, el cual deberá estar en armonía con las disposiciones de las secs. 1331 a 1337 de este título.

El reglamento de cada uno de los Administradores Individuales deberá ser sometido para la aprobación de la Oficina. La Oficina podrá declarar nula cualquier regla sometida por un Administrador Individual que sea contraria a las disposiciones de las secs. 1331 a 1337 de este título, o al Reglamento adoptado por la Oficina en relación con las áreas esenciales al principio de mérito. . . ." 3 L.P.R.A. sec. 1347(1).

El Municipio de Carolina no ha aprobado Reglamento alguno para incorporar las áreas del principio de mérito. Mas comoquiera que de aprobarse alguno, deberá guardar conformidad con la Ley de Personal y con el Reglamento que en su virtud promulgó la Oficina Central, entendemos que deben ser éstos los que, en sustitución del procedimiento provisto en la Ley Municipal, rijan la materia de autos, que como podemos advertir, se refiere al fundamental aspecto del mérito conocido como retención. Sec. 4.1, 3 L.P.R.A. sec. 1332. Ver *Ortiz* v. *Alcalde de Aguadilla,* 107 D.P.R. 819 (1978).

El Reglamento de Personal dispone a esos efectos en su Sec. 9.2:

"En todo caso que surja la posibilidad de aplicación de medidas disciplinarias cuya sanción pudiera resultar en la suspensión de empleo y sueldo o la destitución de un empleado, la autoridad nominadora adoptará el siguiente procedimiento:

La autoridad nominadora hará una investigación dentro de los diez (10) días laborables desde que tuvo conocimiento oficial de los hechos, y hará una determinación de si procede el tomar alguna medida disciplinaria. De proceder tal medida disciplinaria formulará al empleado cargos por escrito y se le notificará advirtiéndole de su derecho a una vista administrativa informal

dentro del término de quince (15) días laborables a partir de la fecha del recibo de la notificación de la formulación de cargos. En la vista el empleado afectado tendrá derecho a presentar la prueba que estime necesaria. Luego de la vista, o de transcurrido el término de quince (15) días sin que el empleado haya solicitado la misma, la autoridad nominadora tomará la decisión que entienda conveniente. Si la decisión fuera destituir al empleado o suspenderlo de empleo y sueldo le advertirá al empleado de su derecho de apelación ante la Junta dentro del término de treinta (30) días a partir del recibo de la notificación.

En aquellos casos de mal uso de fondos públicos o cuando haya motivos razonables de que existe un peligro real para la salud, vida o moral de los empleados o del pueblo en general, se podrá suspender de empleo y sueldo al empleado antes de la vista administrativa." Oficina Central de Administración de Personal, Reglamento de Personal, sec. 9.2, pág. 73, Hato Rey, 1976.

◼ No surge claramente del récord si el señor Alcalde de Carolina satisfizo cumplidamente el procedimiento que como administrador individual debe cumplir de acuerdo con la Ley de Personal y su Reglamento para imponer una sanción disciplinaria. Sí surge con meridiana claridad que la notificación héchale al empleado sobre su derecho de apelación fue imprecisa y errónea. Ante tales circunstancias y reconociendo el estado indefinido de nuestro derecho al momento de suscitarse la controversia de autos, procede que se traslade el recurso a la Junta de Apelaciones del Sistema de Personal para que proceda ésta a entender sobre los méritos de la apelación interpuesta por el aquí recurrente.

*Por tales fundamentos se expide auto de revisión y se dictará sentencia revocando la dictada por el Tribunal Superior, Sala de San Juan, en 9 de octubre de 1978 y ordenando proceder de conformidad con lo aquí expuesto.*

El Juez Asociado Señor Rigau concurre con el resultado.