JOSÉ TEXIDOR PÉREZ, recurrente, *v.* SUPERINTENDENTE DE LA POLICÍA y JUNTA DE APELACIONES DEL SISTEMA DE ADMINISTRACIÓN DE PERSONAL, recurridos.

*Número:* R-79-107      *Resuelto:* 18 de octubre de 1979

*Diego Ledeé Bazán, José Hamid Rivera* y *Aida Juarbe*, de Servicios Legales de Puerto Rico, Inc., abogados del recurrente; *Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de los recurridos.

PER CURIAM: El recurrente, señor José Texidor Pérez, fue nombrado miembro de la Policía por el término probatorio de dos años. A los tres meses el Superintendente de la Policía le envió una carta de dos oraciones en la que le informaba, sin expresar razones, que "me veo precisado a separarlo de la Fuerza a la fecha de recibo de esta comunicación". El recurrente solicitó la reconsideración de esta decisión una semana más tarde. Al otro día se le remitió al señor Texidor otra carta igualmente breve en que se expresaba que "Esta Superintendencia, luego de reevaluar todos los aspectos de su caso, se reafirma en la acción tomada".

El cadete no acudió a la Junta de Apelaciones del Sistema de Administración de Personal hasta nueve meses después. La Junta se declaró sin jurisdicción por no haberse apelado dentro de los treinta días que dispone la Sec. 7.15 de la Ley de Personal del Servico Público, Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1395(1). El Tribunal Superior denegó la solicitud de revisión del recurrente.

En alzada ante nos éste alega en resumen que erró el tribunal de instancia al no resolver que su despido sumario es contrario al debido procedimiento de ley, a la Ley de Personal, a la de la Policía y a los reglamentos de ambas.

El 17 de mayo de 1979 dictamos orden de mostrar causa por la que no debe revocarse la sentencia. Examinados los escritos de las partes consideramos que se incidió en error.

■ La Ley de Personal del Servicio Público incluye a la Policía de Puerto Rico entre los administradores individuales. 3 L.P.R.A. sec. 1343(5). "Los Administradores Individuales", dispone esta ley, "deberán adoptar para sí un reglamento con relación a las áreas esenciales al principio de mérito, el cual deberá estar en armonía con las disposiciones de las secs. 1331 a 1337 de este título". 3 L.P.R.A. sec. 1347(1).

La Sec. 1336(3) del referido título ordena:

"Cuando la conducta de un empleado no se ajuste a las normas establecidas, cada agencia deberá tomar las medidas correctivas necesarias. Entre otras medidas se podrán considerar la amonestación verbal, las reprimendas escritas, las suspensiones de empleos y sueldos, y las destituciones. Tanto las suspensiones de empleo y sueldo como las destituciones deberán notificarse por escrito a los empleados, indicando los fundamentos."

La expresión de los fundamentos de estas últimas medidas disciplinarias tiene especial importancia a la luz de diversas disposiciones reglamentarias y de ley.

La Ley de la Policía de Puerto Rico de 1974 reconoce dos tipos de separación en el caso de los empleados probatorios: cuando el empleado "demuestra ineptitud para ser miembro de la policía o sus hábitos y confiabilidad no ameritan que continúe en el Cuerpo". 25 L.P.R.A. sec. 1008(e); Reglamento de la Policía de 1976, Sec. 4(a). La ley y el reglamento de la policía se atienen sobre este particular a lo dispuesto en la Ley de Personal del Servicio Público. 3 L.P.R.A. sec. 1336(7). El Reglamento de Personal de la Oficina Central de Administración de Personal formula procedimientos distintos para diversas clases de separación. Véanse las Secs. 9.2 y 9.3. Lo esencial en este caso, no obstante, es que el reglamento no permite en situación alguna la separación sumaria y sin razones.

Provee en parte la Sec. 9.2 del citado Reglamento de Personal:

"En todo caso que surja la posibilidad de aplicación de medidas disciplinarias cuya sanción pudiera resultar en la suspensión de empleo y sueldo o la destitución de un empleado, la autoridad nominadora adoptará el siguiente procedimiento:

La autoridad nominadora hará una investigación dentro de los diez (10) días laborables desde que tuvo conocimiento oficial de los hechos, y hará una determinación de si procede

el tomar alguna medida disciplinaria. De proceder tal medida disciplinaria formulará al empleado cargos por escrito y se le notificará advirtiéndole de su derecho a una vista administrativa informal dentro del término de quince (15) días laborables a partir de la fecha del recibo de la notificación de la formulación de cargos. En la vista el empleado afectado tendrá derecho a presentar la prueba que estime necesaria. Luego de la vista, o de transcurrido el término de quince (15) días sin que el empleado haya solicitado la misma, la autoridad nominadora tomará la decisión que entienda conveniente. Si la decisión fuera destituir al empleado o suspenderlo de empleo y sueldo le advertirá al empleado de su derecho a apelación ante la Junta dentro del término de treinta (30) días a partir del recibo de la notificación."

Consúltese también la Sec. 7.8(5) del Reglamento de Personal, que requiere que la separación de un empleado probatorio cuya labor no ha sido satisfactoria se le comunique por escrito con no menos de diez días de antelación a la fecha de vigencia de su despido. Junto a la comunicación debe enviársele copia de la última evaluación. Se advertirá igualmente que si la separación del empleado probatorio se debe a malos hábitos o actitudes, rige el procedimiento prescrito por la Sec. 9.2 antes citada. La Sec. 7.8(11) del Reglamento de Personal dispone, además, que "Cualquier empleado que fracase en su período de trabajo probatorio podrá solicitar revisión ante la Junta de Apelaciones de las razones que determinaron el fracaso". Hemos visto que aquí no se expusieron razones.

De lo anterior resulta que el despido fulminante del recurrente y la falta de notificación adecuada no cumplieron con diversas disposiciones de ley.[1] En *García* v. *Adm. de Derecho al Trabajo*, 108 D.P.R. 53 (1978), expusimos, sin embargo, que la ausencia de cumplimiento estricto con un

[1]Es innecesario que nos pronunciemos, dada esta conclusión, sobre el planteamiento referente a la ausencia de debido procedimiento de ley.

160

requisito reglamentario puede perder pertinencia si el empleado incurre en incuria.

*Se expide el auto, se revoca la sentencia recurrida y se devuelve en consecuencia el caso al tribunal de instancia para que dilucide este aspecto de la controversia, el cual es determinante de la jurisdicción o falta de ella de la Junta de Apelaciones.*

El Juez Asociado Señor Negrón García no intervino.