NYDIA DELBREY IGLESIAS, TOMÁS XAVIER PADILLA y LUCAS SIERRA GARCÍA, recurrentes-peticionarios, *v.* MUNICIPIO DE CAROLINA, recurrido.

*Número:* O-79-98    *Resuelto:* 30 de junio de 1981

*Fernando E. Agrait,* abogado de los peticionarios; *Carlos H. Dapena, José Enrique Amadeo* y *Osvaldo A. Villanueva,* abogados del recurrido.

El Juez Asociado Señor Torres Rigual emitió la opinión del Tribunal.

Los peticionarios, empleados regulares del Servicio de Carrera del Municipio de Carolina, quedaron cesantes en julio de 1977 mediante cartas del Alcalde en las que les informaba que sus respectivos empleos habían sido eliminados del organismo municipal por alegada duplicación en las funciones que ellos desempeñaban o por no existir labor suficiente para el desempeño de tales funciones.

No conforme, los peticionarios apelaron a la Junta de Apelaciones del Sistema de Administración de Personal donde impugnaron sus despidos por el fundamento de no haberse cumplido con las disposiciones pertinentes de la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 del 14 de octubre de 1975 (3 L.P.R.A. sec. 1301 *et seq.*) y del Reglamento de Personal: Áreas Esenciales al Principio de Mérito.

La Junta convalidó las cesantías decretadas por el Municipio en una extensa resolución en la que concluyó que dichas disposiciones no aplican a la eliminación de puestos por la Asamblea Municipal por tratarse de un acto legislativo autorizado por la entonces vigente Ley Munici-

pal, Ley Núm. 142 de 21 de julio de 1960, Art. 31 (21 L.P.R.A. sec. 1173).

El tribunal de instancia confirmó la resolución de la Junta sin exponer fundamento y expresando que consideraba razonable la distinción elaborada por la Junta de Apelaciones. Señaló, además, que la nueva Ley de Personal cubría a los municipios y que, aunque implícitamente derogó algunas disposiciones de la Ley Municipal, "no nos parece irrazonable que dicha derogación parcial no incluy[era] la facultad de la Asamblea Municipal bajo la Ley Municipal vigente para eliminar puestos, siempre y cuando que dicha eliminación no fuese un subterfugio para encubrir una destitución injustificada". Expedimos el auto para revisar.

La separación del servicio por eliminación de puestos está expresamente cubierta por la nueva Ley de Personal, 3 L.P.R.A. sec. 1301 y ss., y por el Reglamento de Personal. Así, el Art. 4.6 de la nueva Ley de Personal, 3 L.P.R.A. sec. 1336(6), dispone:

> Se podrá separar del servicio a cualquier empleado, sin que esto se entienda como destitución, en los siguientes casos:
> (a) debido a la *eliminación* de puestos por falta de trabajo o de fondos, o
> (b) .      .      .      .      .      .        .        .
> En la situación descrita en el apartado (a) anterior, la separación del servicio se hará según se establezca mediante reglamento al respecto en el que se tome en consideración entre otros factores el status de los empleados y su antigüedad y el tiempo en servicio. (Énfasis suplido.)

Y el Reglamento de Personal en su Sec. 9.3 dispone que:

> Se podrá separar del servicio a cualquier empleado, sin que esto se entienda como destitución:
> 1) Debido a la eliminación de puestos por falta de trabajo o fondos, en cuyo caso las autoridades nominadoras procederán de la siguiente manera:
>     a) Cada autoridad nominadora establecerá un método a los efectos de decretar cesantías en caso de éstas ser necesa-

rias, el cual podrá ser revisado al inicio de cada año fiscal. Como parte de dicho método se podrá subdividir la agencia por programas, unidades, oficinas regionales u oficinas locales a los fines de identificar las jurisdicciones en las cuales habrán de decretarse las cesantías. El método que se adopte se pondrá en conocimiento de los empleados.

b) Serán separados en primer término los empleados transitorios que presten servicios en dicha agencia; en segundo lugar, serán separados los empleados probatorios; y en último término serán separados los empleados regulares. Se decretarán las cesantías dentro de los grupos de empleados cuyos puestos tengan el mismo título de clasificación. A los efectos de este inciso los empleados probatorios que inmediatamente antes de adquirir ese status hubieren sido empleados regulares, se considerarán como empleados regulares.

c) Para determinar el orden de prelación en que se decretarán las cesantías dentro de cada uno de los grupos de empleados enumerados en el inciso (b) que precede, la autoridad nominadora se ajustará a las siguientes normas:

(1) se tomará en consideración el desempeño de las funciones, de manera que queden cesantes, en primer término los empleados menos eficientes. En casos de igualdad de eficiencia, se tomará en consideración el tiempo en el servicio de manera que queden cesantes los empleados con menos tiempo en el servicio.

(2) a falta de información válida para determinar el desempeño de las funciones, el factor determinante será el tiempo en el servicio, de manera que la persona de más reciente nombramiento en el servicio será la primera en cesar.

d) A los fines de determinar la antigüedad se considerará todo servicio prestado en puestos, tal como se define en este Reglamento.

e) La autoridad nominadora notificará por escrito a todo empleado a quien haya de cesantear con no menos de treinta (30) días de antelación a la fecha en que habrá de quedar cesante. En dicha notificación se informará, además, al empleado de su derecho de apelación ante la Junta.

f) Ninguna cesantía de empleados será efectiva a menos que se cumpla con el requisito de notificación en la forma

aquí establecida. *Manual de Reglamento de Personal*, págs. 75–78.

El Municipio de Carolina no cumplió con el procedimiento establecido en la Ley de Personal y su Reglamento, cuyo propósito primordial es garantizar la aplicación estricta del principio de mérito para la separación del servicio por eliminación de puestos. No estableció un método para decretar las cesantías siguiendo el orden de prelación, tal y como lo exige el Reglamento. Ya en *Delgado Rivera* v. *Alcalde de Carolina*, 109 D.P.R. 5, 11 (1970), advertimos que:

> El Municipio de Carolina no ha aprobado Reglamento alguno para incorporar las áreas del principio de mérito. Más comoquiera que de aprobarse alguno, deberá guardar conformidad con la Ley de Personal y con el Reglamento que en su virtud promulgó la Oficina Central, entendemos que deben ser éstos los que, en sustitución del procedimiento provisto en la Ley Municipal, rijan la materia de autos. . . . [1]

Las distinciones formuladas por la Junta de Apelaciones y seguidas por el tribunal de instancia son inaceptables porque derrotan la aplicación del principio de mérito al excluir a la Asamblea Municipal de las disposiciones de la Ley de Personal sobre eliminación de puestos.

Son, por tanto, nulas las cesantías de los peticionarios decretadas por el Municipio de Carolina. En consecuencia, deberá restituirse en el empleo a los peticionarios, sin perjuicio de que el Municipio proceda a efectuar las cesantías según el procedimiento ya mencionado.

*Se dictará sentencia que revoque la recurrida y a tenor con lo antes expuesto, se ordena la reinstalación de los peticionarios Nydia Delbrey Iglesias, Tomás Xavier Padilla y Lucas Sierra García en sus respectivos empleos.*

---

[1] La suspensión en *Delgado Rivera*, supra, se efectuó con posterioridad a la cesantía del caso de autos. Adviértase que la nueva Ley Municipal expresamente reconoce la aplicación de la Ley de Personal al sistema de personal municipal. Ley Núm. 146 de 18 de junio de 1980, Art. 4.18, incisos 3 y 13 (21 L.P.R.A. sec. 3068(3) y (13)).

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau no intervinieron.