JOSÉ OSCAR GUERRA GARCÍA, ETC., demandantes y recu· rridos, *v.* JENARO COLLAZO COLLAZO, SECRETARIO DEL DEPARTAMENTO DE SERVICIOS SOCIALES, ETC., demandados y recurrentes.

*Número:* R-81-411      *Resuelto:* 28 de mayo de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de los recurrentes; *Carmelo Guzmán Géigel,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El 15 de octubre de 1975 el recurrido José Oscar Guerra García fue nombrado con carácter transitorio para ocupar un puesto de Oficial de Relaciones Públicas I en el Programa de Cupones para Alimentos del Departamento de Servicios Sociales. El 1 de febrero de 1976, dicho puesto fue clasificado en el Servicio Exento, a tenor con la Resolución Conjunta Núm. 5 del 26 de marzo de 1974 (8 L.P.R.A. sec. 303).(1)

El 30 de septiembre de 1976 la entonces Directora de Personal cambió el *status* de Guerra García y del puesto que éste ocupaba del *Servicio Exento* al *Servicio de Carrera* efectivo el l de octubre de 1976. Este cambio quedó anulado y sin efecto por disposición del Director de Personal. El tribunal de instancia resolvió que ese cambio del *status* del recurrido a empleado de carrera era nulo conforme lo resuelto en *Pierson Muller II* v. *Feijoó,* 108 D.P.R. 261 (1978). Tal determinación no ha sido impugnada en este recurso.

La nueva Ley de Personal del Servicio Público de Puerto Rico, en su inciso 7 de la Sec. 9 (3 L.P.R.A. sec. 1421 (7)), cambió la clasificación del recurrido del *Servicio Exento* al

---

(1) Dispone:

"El personal del Programa de Cupones para Alimentos estará incluido en el Servicio Exento, Sección 8 de la Ley núm. 345 de 12 de mayo de 1947, conocida como Ley de Personal; exceptuando al personal que participe en las determinaciones de elegibilidad de los participantes en el Programa quienes estarán incluidos en el Servicio. Clasificado de dicha ley. La Secretaría de Servicios Sociales adoptará un reglamento para la administración de personal de los empleados incluidos en el Servicio Exento."

*Servicio de Confianza.* (²) En virtud de tal disposición el Secretario del Departamento de Servicios Sociales envió el 6 de abril de 1979 la siguiente carta al recurrido separándolo de su puesto:

> Estimado señor Guerra:
>
> Usted se ha venido desempeñando en un puesto de Oficial de Relaciones Públicas I, Programa de Cupones para Alimentos, Oficina Regional de Mayagüez. Usted fue nombrado en este puesto con carácter Exento y por disposiciones del Artículo 9.7 de la Ley Núm. 5 del 14 de octubre de 1975 pasó a ser un empleado de confianza.
>
> En base a la autoridad que me confiere la Ley de Personal del Servicio Público, le separo del puesto que ocupa efectivo al 15 de abril de 1979. La licencia regular que tenga acumulada le será pagada en suma global.

El recurrido acudió entonces al Tribunal Superior, Sala de San Juan, en acción de daños e *injunction* contra varios funcionarios del Departamento de Servicios Sociales alegando haber sido separado de su puesto por discrimen político y sin celebración de vista previa. Solicitó ser reinstalado a su empleo con el pago de salarios dejados de percibir y compensación por daños.

Luego de celebrado el juicio, el tribunal de instancia dictó sentencia en que declaró con lugar la demanda y ordenó a los recurrentes reponer al demandante en su empleo y pagarle el sueldo dejado de percibir. Se fundó para ello en que el recurrido tenía derecho a notificación previa, formulación de cargos y vista según la Sec. 9.2 del Reglamento de Personal: Áreas Esenciales al Principio de

---

(²) Dicho inciso provee:

"Los demás empleados que estuvieren ocupando puestos en el Servicio Exento a virtud de las disposiciones de la Ley núm. 345 de 12 de mayo de 1947, según enmendada, o de leyes especiales, serán empleados de confianza si conforme a lo establecido en las secs. 1350 y 1351 de este título estuvieren comprendidos dentro de la categoría de empleados de confianza. Si de acuerdo con las referidas secciones no estuvieren comprendidos dentro de la categoría de confianza pasarán a ser empleados de confianza mientras la autoridad nominadora los retenga en sus puestos, pero sus sucesores serán empleados de carrera."

Mérito, interpretada en *Texidor* v. *Superintendente de la Policía,* 109 D.P.R. 156 (1979), porque sus funciones eran equivalentes a las de un puesto en el Servicio de Carrera. Concluyó además que no hubo prueba de discrimen político contra el recurrido.

Los recurrentes nos piden la revisión de la sentencia dictada aduciendo que incidió el tribunal de instancia al no resolver que el recurrido era un empleado de confianza de libre selección y remoción, cuya cesantía no exigía formulación de cargos, notificación previa, ni vista. Emitimos orden en que concedimos término al recurrido para que mostrara causa por la cual no debíamos revocar la sentencia.

El examen que hemos hecho de los escritos presentados por las partes nos convence que se cometió el error apuntado y que procede, en consecuencia, la revocación de la sentencia recurrida.

Como ya vimos, el recurrido ocupaba un puesto en el *Servicio Exento* que al entrar en vigor la nueva Ley de Personal, *supra,* se convirtió en un puesto del *Servicio de Confianza.* 3 L.P.R.A. sec. 1421(7), escolio 2, *ante.* Este inciso dispone que el empleado pasará a ser de la categoría de *confianza* ya sea porque sus funciones son de confianza, según las Secs. 5.10 y 5.11 de la referida ley, 3 L.P.R.A. secs. 1350 y 1351, o aun cuando las mismas sean de carrera, pero en tal caso su sucesor será empleado de carrera. Es decir, independientemente de la naturaleza de sus funciones —si de carrera o de confianza— el empleado será siempre de confianza por disposición expresa de la ley, salvo que su sucesor será de carrera si sus funciones lo califican como tal. El sistema de mérito es un sistema integral que cubre tanto el despido del empleado como su ingreso, por lo que si el empleado ingresó al servicio público sin tener que cumplir con los requisitos del Sistema de Mérito no puede luego reclamar la protección del Sistema en el despido, salvo

cuando éste sea por discrimen político. *Ramos* v. *Srio. de Comercio*, 112 D.P.R. 514 (1982).

El Informe de las Comisiones de Gobierno y de Derechos Civiles del Senado ilumina la intención legislativa al respecto:

Artículo 9. Status y Derechos de los Empleados a la Vigencia de la Ley

Este Artículo tiene el propósito de disponer la forma en que ocurrirán los cambios en el status de los empleados cuando empiece a regir la nueva Ley. Todo su texto se basa en la teoría de que el hecho de entrar a regir la Ley no debe menoscabar o debilitar el status de ningún empleado ni tampoco conceder indebidamente el status de empleados de carrera a quienes no son empleados regulares bajo la Ley vigente. La única excepción a esta regla, ocurre para beneficio de los empleados, cuando se trata de departamentos y agencias que están totalmente comprendidos en el servicio exento o en el servicio sin oposición. En estos casos, al entrar a regir la Ley, los empleados que cualifiquen como empleados de carrera adquirirán ese status inmediatamente y los que correspondan al servicio de confianza también pasarán de inmediato a esa categoría. El primer grupo se beneficiará mediante la adquisición de un status más seguro, y el segundo grupo no se beneficiará pero tampoco se perjudicará, puesto que de todos modos al momento sus nombramientos están sujetos a la voluntad de la autoridad nominadora.

De igual manera los empleados que ahora tienen status regular en el Servicio por Oposición pasarán a ser empleados de carrera con status regular.

En los demás casos en que las funciones de empleados de carrera pasen a constituir puestos de confianza el cambio de status no se efectuará de inmediato y los empleados así afectados continuarán siendo empleados regulares, pero sus sucesores serán empleados de confianza. De la misma manera en los casos de empleados exentos o sin oposición bajo la Ley actual cuyas funciones correspondan al servicio de carrera bajo la nueva Ley los cambios no se efectuarán de inmediato, sino cuando eventualmente queden vacantes estos puestos.

Con el texto de este artículo se garantiza que ningún empleado resultará perjudicado en su status con la aprobación de la nueva Ley.

En resumen, el puesto ocupado por el recurrido era de confianza, de libre selección y remoción y, por ende, podía ser cesanteado sin formulación de cargos y sin vista previa. 3 L.P.R.A. sec. 1350; [3] *Pierson Muller II* v. *Feijoó*, supra; *Díaz González* v. *Tribunal Superior*, 102 D.P.R. 195 (1974); *Pastor Lozada* v. *Director Ejecutivo*, 101 D.P.R. 923 (1974). No consideramos en este recurso la alegación de discrimen político del empleado, pues el tribunal de instancia resolvió que "el aspecto político no tuvo que ver con la cesantía" estimando por el contrario que ésta fue causada por problemas disciplinarios e ineficacia en el trabajo.

*Texidor* v. *Superintendente de la Policía*, supra, no es de aplicación. Allí se trataba de un empleado probatorio al cual el Reglamento de Personal vigente le concedía derecho a notificación por escrito y a solicitar revisión ante la Junta de Apelaciones de las razones por las cuales fracasó en su período probatorio. Aquí el recurrido era un empleado de confianza que podía ser despedido sin necesidad de que se le formularan cargos ni se celebrara una vista previa.

*Por las razones expuestas se dictará sentencia que revoque la del Tribunal Superior.*

El Juez Asociado Señor Díaz Cruz concurre con el resultado sin opinión.

---

[3] En lo pertinente dispone:
"Los empleados de confianza serán de libre selección y remoción."