RAMÓN NAVEDO y OTROS, peticionarios, *v.* MUNICIPIO DE BARCELONETA, recurrido.

*Número:* O-82-228          *Resuelto:* 25 de octubre de 1982

*Evaristo Maldonado Rodríguez* y *José Aulet,* abogados de los peticionarios; *Eliezer Aldarondo Ortiz,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

La Junta de Apelaciones del Sistema de Administración de Personal se negó a asumir jurisdicción para entender en la apelación interpuesta por los recurrentes, quienes habían sido despedidos sumariamente por el Alcalde del Municipio de Barceloneta durante el período comprendido entre el 24 de enero de 1977 y el mes de mayo de ese año. El tribunal de instancia confirmó la actuación de la Junta por entender erróneamente que la Ley de Personal de 1975 (3 L.P.R.A. sec. 1301 y ss.) no es de aplicación a los empleados irregulares. Concedimos término al recurrido Municipio de Barceloneta para que mostrara causa por la cual no debíamos revocar la sentencia recurrida.

En *Pizarro* v. *Municipio de Carolina,* 112 D.P.R. 822 (1982), resolvimos que los empleados irregulares municipales son empleados públicos cubiertos por la Ley de Personal de 1975. Señalamos que conforme lo dispuesto en la Sec. 4.6(6) de dicha ley, 3 L.P.R.A. sec. 1336(6), y la Sec. 9.3 del Reglamento de Personal, Áreas Esenciales al Principio de Mérito, el despido de empleados públicos por falta de fondos —que fue la razón aducida por el alcalde para el despido de los aquí recurrentes— requiere la adopción previa de un plan de cesantías que tome en cuenta la eficiencia y tiempo en el servicio público. Dicho plan deberá notificarse a los empleados y a los que sean cesanteados se les cursará comunicación a esos efectos con 30 días de antici-

pación. El Reglamento de Personal dispone, además, que el incumplimiento del requisito de notificación hará la cesantía inefectiva.

■ En el presente caso no se cumplió con estos requisitos. De los autos surge que el alcalde no estableció previamente un plan de cesantías y que tampoco notificó las cesantías a los empleados afectados con 30 días de anticipación, sino que las mismas fueron efectivas inmediatamente. En consecuencia, las cesantías son nulas y procede que los empleados sean restituidos con los beneficios estatuidos en la Ley de Personal. *Delbrey* v. *Municipio de Carolina*, 111 D.P.R. 492 (1981); *Pizarro* v. *Municipio de Carolina*, supra.

La misma solución se impone en cuanto al caso del recurrente Eugenio Santiago, Encargado de Caminos Municipales, quien era empleado de carrera. Sus funciones no eran de empleado de confianza, pues no intervenía o colaboraba sustancialmente en la formulación de política pública ni asesoraba o prestaba servicios directos al alcalde. *Reyes Coreano* v. *Director Ejecutivo*, 110 D.P.R. 40 (1980). Al igual que a los empleados irregulares su cesantía fue efectiva inmediatamente.

■ El recurrente Ramón Navedo, Director Municipal de Defensa Civil, podía, sin embargo, ser despedido sin formulación de cargos ni vista previa por ser un empleado de confianza, conforme la Ley de la Defensa Civil de Puerto Rico, Ley Núm. 22 de 23 de junio de 1976 (25 L.P.R.A. sec. 171 y ss.) y la Ley de Personal, 3 L.P.R.A. sec. 1350; *Guerra* v. *Srio. Servicios Sociales*, 113 D.P.R. 50 (1982). No obstante, hemos establecido que si el empleado alega y prueba que su despido fue por motivos políticos le corresponde al Estado demostrar que la afiliación partidista del empleado es un requisito apropiado para el desempeño del cargo. *Ramos* v. *Srio. de Comercio*, 112 D.P.R. 514 (1982).

■ En el caso del recurrente Navedo la Oficial Examinadora de la J.A.S.A.P. rechazó la alegación de discri-

men político porque no fue sostenida por prueba "convincente y robusta". Tal determinación es errónea, pues impone a los empleados despedidos un *quantum* de prueba más exigente del que requieren las Reglas de Evidencia para sostener una alegación. Procede, por tanto, que se devuelva el caso de este recurrente a la J.A.S.A.P. para que se le dé la oportunidad de probar que se discriminó en su contra por razones políticas y, de así demostrarlo, que resuelva el mismo conforme a la norma establecida en *Ramos* v. *Srio. de Comercio*, supra.

*Se dictará sentencia en que se revoque la del Tribunal Superior y se ordene la reinstalación de los empleados recurrentes con los beneficios establecidos en la Sec. 7.17 de la Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1397, excepto en cuanto al recurrente Ramón Navedo, cuyo caso se devolverá a la J.A.S.A.P. para la continuación de los procedimientos.*

El Juez Asociado Señor Díaz Cruz disiente en el caso del Director Municipal de Defensa Civil, empleado de confianza, por los fundamentos de su disenso en *Ramos* v. *Srio. de Comercio*, 112 D.P.R. 514 (1982). En cuanto a los demás empleados, concurre con el resultado.