RAFAEL y AMADO COLÓN, demandantes y apelantes, *v.* CLUB ROTARIO DE ARECIBO, demandado y apelado.

Núm. 9333.—*Sometido:* Mayo 23, 1946. *Resuelto:* Junio 14, 1946.

*Luis Mercader y F. M. Susoni, Jr.,* abogados de los apelantes; *Simón Largé y Nicolás Lecároz,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La corte inferior dictó sentencia en este caso declarando con lugar la demanda de accesión. Declaró que los demandantes tienen derecho a hacer suyo y recobrar la posesión del edificio levantado por el demandado en terrenos de los demandantes, previo pago por parte de éstos de la cantidad de $6,500 menos la suma de $1,200 que debe deducirse por el uso que ha hecho del solar el demandado, hasta el 23 de enero de 1946. De la suma a pagarse a los demandantes debe deducirse también el importe de ciertos cheques que

recibieron del demandado. La sentencia fijó el término de diez días después de ser firme para el pago del dinero y entrega del edificio.. Apelaron los demandantes por no estar conformes con las cantidades que debían ellos pagar al y recibir del demandado.

El mismo día que radicaron el escrito de apelación, es decir, el 12 de febrero de 1946, los demandantes presentaron una moción en la corte inferior consignando la suma de $5,300 a disposición del demandado y solicitaron la expedición de una orden de entrega del edificio, todo ello sin perjuicio del recurso de apelación interpuesto. Se opuso el demandado: (1) porque la corte inferior había perdido jurisdicción para dictar la orden solicitada, toda vez que se había interpuesto recurso de apelación; (2) porque de conformidad con los términos de la sentencia, su cumplimiento debía tener efecto en el término de diez días después de ser firme; y (3) porque aparte de los motivos anteriores, los demandantes, al consignar la suma de $5,300, dejaron de acreditar al demandado el importe de los cheques pagados por éste a que se refiere la sentencia.

Oídas las partes y habiendo declarado el abogado de los demandantes que estaban dispuestos a consignar cualquier cantidad adicional que de acuerdo con la sentencia debieran satisfacer o acreditar al demandado, la corte declaró con lugar la moción y ordenó la entrega previo el pago por los demandantes de las cantidades que debieran satisfacer de acuerdo con la sentencia. El demandado no apeló de esta orden dictada después de la sentencia, y por el contrario radicó una moción informando a la corte que estaba dispuesto, en cumplimiento de la orden, a hacer entrega del edificio a los demandantes dentro del término fijado por la corte, siempre que ordenase el pago al demandado de la cantidad de $5,300, según se ordenaba en la sentencia y la devolución por parte de los demandantes al demandado de los ocho cheques por $30 cada uno que habían sido librados por

el demandado a favor de los demandantes y a los cuales se hace referencia en la sentencia. El demandado expresó asimismo en su moción que los demandantes estaban conformes con lo que él solicitaba, sin que ello afectase el derecho de los demandantes a proseguir la apelación interpuesta. Terminó la moción suplicando que se ordenase al secretario que le entregase la referida cantidad y los cheques, todo lo cual había sido previamente consignado por los demandantes. Con la conformidad de éstos, la corte dictó la orden solicitada y el demandado hizo entrega del edificio y recibió a su vez lo que le correspondía de conformidad con la sentencia.

Posteriormente, el demandado solicitó de este Tribunal la desestimación del recurso de los demandantes, alegando que es frívolo y carece de finalidad práctica, puesto que la sentencia ha sido ya satisfecha en todas sus partes. Se oponen los apelantes a la desestimación alegando que el objeto del recurso es que se determine si erró o no la corte sentenciadora al conceder al demandado las cantidades que le concedió en su sentencia y que no carece de finalidad práctica la apelación, puesto que de decretarse por este Tribunal que la corte inferior erró al conceder al demandado una cantidad mayor que aquélla a que tenía derecho, podían los demandantes recobrar de éste el exceso así pagado.

La orden de la corte declarando con lugar la moción de los demandantes sobre satisfacción de la sentencia no está ante nos, pues el demandado no interpuso recurso alguno contra ella. Así pues, la cuestión a resolver es si el cumplimiento de la sentencia a instancia de los demandantes, en las condiciones expuestas, equivale a una renuncia de su recurso de apelación.

Es regla bien establecida que el pago voluntario de la sentencia equivale a una renuncia del derecho de apelación. *Alamitos Land Co.* v. *Shell Oil Co.*, 17 P.2d 998 (Cal. 1933); *Everts* v. *Matteson*, 115 P.2d 207 (Cal. 1941) y *Muckey* v. *Baehr*, 145 P.2d 164 (Kan. 1944). Y en esta jurisdicción

donde de conformidad con el art. 298 del Código de Enjuiciamiento Civil la apelación suspende la ejecución de la sentencia, salvo los casos enumerados en dicho artículo, el pago de la sentencia, por lo general, es voluntario. Es cierto que en la moción de 12 de febrero antes mencionada, los apelantes hicieron la salvedad de que pagaban la sentencia sin perjuicio de su recurso de apelación, pero esa salvedad no convertía el pago en compulsorio pues ninguna circunstancia existió en el caso que hiciera necesario el pago estando pendiente el recurso. *Alamitos Land Co.* v. *Shell Oil Co.*, supra. Una vez radicado el escrito de apelación los apelantes no podían ser obligados al pago de la sentencia mientras el recurso no fuera desestimado.

El caso de *Cosme* v. *Márquez*, 49 D.P.R. 783, no es de aplicación. Allí se trataba de una sentencia divisible. Se apeló de una parte de ella y se solicitó y obtuvo ejecución de la parte que no había sido apelada y que en ninguna forma podía ser afectada por el resultado de la apelación.

*Procede declarar con lugar la moción del apelado y desestimar el recurso.*