552

Enrique Martínez, Jr., peticionario, *v.* El Tribunal del Distrito Judicial de San Juan, Hon. J. M. Calderón, Jr., Juez, demandado; Arturo Rodríguez Pou, sustituído por Chester G. Mercury, interventor.

Núm. 1765.—*Sometido:* Diciembre 8, 1948.   *Resuelto:* Febrero 8, 1949.

*Juan B. Soto* y *Juan F. Soto,* abogados del peticionario; *Víctor A. Coll,* abogado del interventor, demandante en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En el pleito principal que dió origen al presente recurso, este Tribunal dictó sentencia en 19 de marzo de 1948 modi-

ficando la dictada por el Tribunal de Distrito de San Juan, en el sentido de computar los intereses a razón del 6 por ciento anual y así modificada la confirmó. *Rodríguez* v. *Martínez*, 68 D.P.R. 450. Varias mociones de reconsideración radicadas con posterioridad a la fecha en que dictamos la referida sentencia fueron declaradas sin lugar, y recibido en 10 de mayo del mismo año el mandato en la corte inferior, el demandado al siguiente día presentó allí un escrito de consignación en que hacía constar haber sido notificado de la moción radicada por el demandante en este Tribunal solicitando se sustituyera en su lugar como demandante en el pleito a Chester G. Mercury, por haber él cedido a éste por $700 el crédito reclamado en el pleito; que el cesionario había sido requerido para que aceptara el importe de la cesión y que éste se había negado a recibir el precio que pagó, más los intereses y costas, y que en armonía con lo provisto por el artículo 1425 del Código Civil (ed. de 1930) solicitaba se tuviera por bien hecha la consignación y por extinguido el crédito. En igual fecha el demandado solicitó de la corte que no librara orden de ejecución. Rodríguez Pou insistió en que se librara dicha orden. Luego de oír ampliamente a las partes sobre la cuestión, en 19 de mayo de 1948 la corte inferior dictó resolución declarando sin lugar la pretensión de la parte demandada y ordenando "que se cumpla el mandato del Tribunal Supremo y se ejecute la sentencia en todas sus partes." Expedimos un auto de *certiorari* para revisar esa resolución.

Mientras se celebraba la vista oral del recurso se nos informó que ya el demandante había ejecutado su sentencia y recibido el monto total de la misma, tal cual éste figuraba en nuestra sentencia, con sus intereses y costas. En vista de esas manifestaciones concedimos términos a las partes para que presentaran prueba sobre ese extremo, ya que de ser ciertas el cobro de la sentencia podía tener el efecto de convertir el presente recurso en académico. Discutiremos, por tanto, primeramente esta cuestión.

De los documentos adicionales radicados se desprende que ordenada por la corte inferior la ejecución de la sentencia, se libró por la secretaria un mandamiento de embargo (sic); que habiéndose prestado previamente por la Maryland Casualty Company fianza para levantar el embargo trabado en bienes del demandado en aseguramiento de sentencia, el márshal del tribunal inferior, al tener en su poder el aludido mandamiento de embargo, se personó en las oficinas de los agentes de dicha compañía aseguradora en esta ciudad y al negarse dichos agentes a efectuar el pago del crédito, el márshal acudió entonces al Banco de Ponce, Sucursal de San Juan, y allí requirió a su gerente para que en virtud del ya mencionado mandamiento le entregara la suma de $2,944 con cargo a Manuel San Juan, Inc., agentes de la fiadora en Puerto Rico; que aviniéndose al requerimiento dicho gerente expidió un cheque por la indicada cantidad y que una vez que dicha suma estuvo en poder del márshal, Arturo Rodríguez Pou, quien como se ha dicho ya no era parte en el pleito, solicitó de la corte se le entregara la referida cantidad, decretándolo así el tribunal inferior el mismo día y entregándosele un cheque por $2,896.50 en pago de la sentencia dictada por nosotros.

¿El cobro de la sentencia en estas condiciones convierte en académico el recurso? Se hace necesario pasar inmediatamente a determinar si el pago en este caso fué efectuado voluntaria u obligatoriamente por el deudor. En uno u otro caso los efectos son distintos. Conforme dijimos en *Colón* v. *Club Rotario,* 66 D.P.R. 287, 289, "es regla bien establecida que el pago voluntario de la sentencia equivale a una renuncia del derecho de apelación". No obstante, en el caso de autos el pago no fué voluntario, sino que por sobre la protesta del demandado el tribunal inferior expidió mandamiento de ejecución y el cobro de la sentencia se hizo de los fondos que los agentes de la aseguradora en un levantamiento de embargo tenían en uno de los bancos locales.

Bajo estas circunstancias no puede decirse que el pago fuera hecho voluntariamente. Si bien el punto ahora en disputa, que nosotros sepamos, no ha sido resuelto por este Tribunal, es jurisprudencia constante en el Estado de California, de donde como se sabe fué tomado nuestro código procesal, que el pago obligatorio (*enforced satisfaction*) de una sentencia no impide que el deudor por sentencia acuda a un tribunal superior en solicitud de que la misma sea revocada o dejada sin efecto. *Hallett* v. *Slaughter,* 22 Cal.2d 552, 556; *Patterson* v. *Keeney,* 165 Cal. 465, 466; 14 Cal. Jur. sección 84, pág. 1018. Véase también *Everts* v. *Matteson,* (Cal. 1941) 115 P. 2d 207, 208, en el cual se suscitó y resolvió en la forma indicada una cuestión similar a la aquí envuelta. Esa jurisprudencia nos parece persuasiva y sabia. Es nuestro deber, por ende, resolver que el cobro de la sentencia en este caso no equivalió a un pago voluntario de la misma y, en su consecuencia, que ello no convierte en académico el presente recurso.

■ Esta Corte ha decidido que resuelto un caso por un tribunal superior y recibido el mandato por el tribunal inferior este último está en el deber de dar cumplimiento a lo ordenado y que lo resuelto por el tribunal superior constituye la ley del caso. *Fiddler* v. *Tribunal de Contribuciones,* 68 D.P.R. 847, 851; *Graniela* v. *Yolande,* 65 D.P.R. 705, 707; *Melón Hnos. & Co.* v. *R. Muñiz, etc.,* 54 D.P.R. 182; *Melón Hnos. & Co.* v. *R. Muñiz, etc.,* 56 D.P.R. 761. Sin embargo, cuando una cuestión sustantiva nueva enteramente extraña al pleito principal no ha sido suscitada, litigada o resuelta por la corte inferior o por este tribunal, la sentencia y mandato obviamente no pueden tener efecto alguno sobre tal cuestión. *Sprague* v. *Ticonic National Bank,* 307 U. S. 161, 168; *Ex Parte The Union Steamboat Company,* 178 U. S. 317, 319; *In re Potts,* 166 U. S. 263, 266; *In the Matters of Howard,* 76 U. S. 175, 183; *In re Sanford Fork and Tool Co.,* 160 U. S. 247, 256. La cuestión relativa al derecho del demandado

Enrique Martínez, Jr. a extinguir el crédito litigioso, cedido ya por Rodríguez Pou a Chester G. Mercury, reembolsando a este último el precio que pagó, más las costas e intereses, de conformidad con el artículo 1425 del Código Civil, supra, no había sido suscitada, litigada o resuelta por la corte inferior ni por este tribunal, y nuestro mandato no impedía que el tribunal a quo conociera de ella.

*Debe anularse la resolución dictada por el tribunal inferior en 19 de mayo de 1948 y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Negrón Fernández no intervino.