JOSÉ ESTRELLA y OTROS; GLORIA IGLESIAS RAMOS y OTROS; JAIME ECHEVARRÍA y OTROS, demandantes y recurridos, *v.* MUNICIPIO DE LUQUILLO y HON. JUAN BENABE, ALCALDE, demandados y recurrentes.

*Número:* R-82-95        *Resuelto:* 1 de diciembre de 1982

*Eliezer Aldarondo Ortiz*, abogado de la parte recurrente; *José Aulet*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Concedimos término para que se mostrara causa por la cual no deberíamos modificar la sentencia del Tribunal Superior, Sala de Humacao, en los siguientes extremos: (1) a todos los demandantes recurridos respecto a que en la ejecución y satisfacción de la sentencia se les descuenten todos los haberes y sueldos devengados, si alguno, durante el período en que estuvieron cesanteados, provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas; y (2) en cuanto al demandante Samuel Carrión Robles, desestimar su causa de acción por aparecer de los autos que su nombramiento original fue nulo por haberse efectuado el 3 de enero de 1977, período éste comprendido dentro de la prohibición estatuida en el Art. 4.7 de la Ley de Personal del Servicio Público vigente, 3 L.P.R.A. sec. 1337, y según lo resuelto en el caso de *Ortiz* v. *Alcalde de Aguadilla*, 107 D.P.R. 819 (1978).

Las partes han comparecido y resolvemos.

I

En cuanto al primer extremo —descuento por haberes recibidos durante la cesantía, de fuentes gubernamentales públicas— los demandantes oponen el caso de *Municipio de Coamo* v. *Tribunal Superior*, 99 D.P.R. 932 (1971). Dicho caso es inoperante en la medida en que permite el pago de doble sueldo contra la prohibición constitucional consagrada en el Art. VI, Sec. 10 de nuestra Ley Fundamental. *Municipio de Coamo* fue resuelto a base de caracterizar como indemnización —y no remuneración o compensación por servicios— el pago de los salarios dejados de percibir por un empleado municipal destituido ilegalmente y que prestó servicios para otro municipio. Opinamos que en casos

como el que nos ocupa, por mandato constitucional procede la deducción de salarios que los empleados hubiesen percibido por servicios rendidos al Estado, municipios e instrumentalidades gubernamentales. La diferencia entre "indemnización" y "compensación" establecida en *Municipio de Coamo*, supra, es débil y tenue, producto más bien de la semántica que del análisis de su naturaleza sustantiva. ¿Puede dudarse del carácter eminentemente compensatorio de una sentencia que es satisfecha *precisamente* mediante el pago de los sueldos dejados de percibir, descontando las aportaciones al Seguro Social, al Retiro y la Asociación de Empleados? ¿Es que la acreditación de beneficios marginales tales como el pago de vacaciones regulares no presupone una equivalencia conceptual que es sinónimo de un sueldo?

El remedio de reposición con el pago de los sueldos dejados de percibir es para reivindicar un despido ilegal. Se retrotrae a la fecha en que se realizó dicho despido y se satisface en virtud de los salarios, tal y como si hubiesen sido devengados sin ninguna interrupción. No puede negarse, pues, esta realidad a base de la lógica de la gramática. El obstáculo constitucional es infranqueable. Estamos frente a una duplicidad de salarios impermisible. Si alguna duda queda, se desvanece al extenderse como parte de los remedios los aumentos de sueldo que han recibido durante el período de ausencia forzada los otros empleados.

■ Estamos obligados a superar esa colisión constitucional. *Milán Rodríguez* v. *Muñoz*, 110 D.P.R. 610, 618 (1981). A tal efecto resolvemos que en la ejecución de la sentencia deben descontarse todos los haberes y sueldos devengados, si alguno, durante el período en que los demandantes recurridos estuvieron cesanteados, provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas. *Municipio de Coamo*, supra, queda por la presente revocado. Véase *Municipio de Mayagüez* v. *Rivera*, 113 D.P.R. 467 (1982).

## II

■ Con referencia a la causa de acción de Samuel Carrión Robles, la comparecencia nos convence de que no debemos alterar la sentencia. El tribunal de instancia concluyó —con apoyo en la prueba— que Carrión Robles empezó a trabajar para el Municipio de Luquillo en el año 1973 como conductor de vehículos y así se desempeñó continuadamente hasta que fue despedido en abril de 1977. Determinó que el documento extendido sobre *Coordinador Trabajos Equipo Pesado* el 3 de enero de 1977 constituyó un *Informe de Cambio* que nunca le fue notificado, como tampoco autorizado ni firmado. En estas circunstancias no tuvo virtualidad el cambio. *Morales Narváez* v. *Gobernador*, 112 D.P.R. 761 (1982). El vigente Reglamento de Personal, Áreas Esenciales del Principio de Mérito, prescribe la necesidad del consentimiento por escrito con conocimiento de los efectos del cambio. *Manual de Reglamento de Personal*, 1976, Sec. 5.6, pág. 23. Resulta, pues, jurídicamente ineficaz el alegado cambio en términos del período de veda estatutario. No es oponible al derecho de reposición de Carrión Robles.

Por los fundamentos expuestos, *se expedirá el auto y se dictará sentencia en que se modifique la del Tribunal Superior, Sala de San Juan, a los únicos efectos de que en su ejecución y satisfacción el Municipio de Luquillo pueda descontar a los demandantes todos los haberes y sueldos devengados, si alguno, durante el período en que estuvieron cesanteados, provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas. Así modificada, será confirmada.*

El Juez Asociado Señor Díaz Cruz disintió con opinión.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz.

Disentimos de la Parte I de la opinión de mayoría que al

abandonar el concepto de indemnización adoptado en *Municipio de Coamo* v. *Tribunal Superior*, 99 D.P.R. 932, 940 (1971), deja en precaria invalidez la Sec. 7.17 de la Ley de Personal, 3 L.P.R.A. sec. 1397, en pugna con disposiciones de la Constitución que excluyen el pago de salarios por servicios no prestados.

La solución del dilema gira alrededor de la verdadera naturaleza de la restitución de ingresos perdidos ordenada en la Sec. 7.17 de la Ley de Personal bajo la expresión "Asimismo [la Junta] deberá ordenar el pago total o parcial de los salarios dejados de percibir [por el empleado]". El carácter de dicho pago no puede ser propiamente *salario* porque este concepto implica remuneración de servicios prestados y el Estado no puede pagar salarios si no ha mediado una previa prestación de servicios.[1] La decisión en *Municipio de Coamo* v. *Tribunal Superior*, supra, pág. 940, es correcta en cuanto a identificar este pago como "indemnización". Lo que faltó decir en *Municipio de Coamo* es que el principio de indemnización, *total* o *parcial* según la autoriza el estatuto, remite al arbitrio judicial, mediante aplicación de las normas que gobiernan la concesión de daños y perjuicios, la determinación de la cuantía de resarcimiento a que tiene derecho el empleado y que la referencia a salarios en la ley sólo fija el tope de la indemnización por lucro cesante; así como debió reconocer otras fuentes estatutarias de resarcimiento del empleado contra el funcionario ofensor, según lo justifiquen las circunstancias del caso. La citada decisión se acercó a esta conclusión cuando expresó: "El sueldo es sólo la base de la indemnización, la medida para computarla." Pág. 940. La prohibición constitucional contra la obtención por una persona de sueldo por más de un cargo o empleo en el Gobierno (Art. VI, Sec. 10 de la Constitución) provee una solución parcial de la situación que analizamos y resulta de ámbito limitado que deja fuera las variadas situaciones en

[1] *Rosario* v. *Comisión Policía Insular*, 74 D.P.R. 353, 361–363 (1953).

la administración de los remedios provistos por la Ley de Personal. Por otro lado, equiparar en fórmula rígida, la indemnización con la *base* salarial como hicimos en *Municipio de Coamo*, con exclusión de los principios de lucro cesante, doble compensación, (2) enriquecimiento injusto y obligación de aminorar daños, estimula el ocio, prodiga los fondos públicos y penaliza al contribuyente. El argumento en *Torres Cartagena* v. *Srio. de Instrucción*, 94 D.P.R. 690, 694 (1967), acogido en *Municipio de Coamo* de que el pago completo de salarios sin deducciones, es disuasivo contra los despidos injustos ha perdido toda validez. La arbitrariedad la ejercía el alcalde o jefe de agencia sin temor, porque otro (el contribuyente) pagaba. Los nuevos remedios de hoy, la legislación federal de Derechos Civiles en cuya aplicación tenemos jurisdicción concurrente, y nuestro propio *injunction* de 32 L.P.R.A. sec. 3524(3)(2) auxiliado por el Art. 1802 C.C. proveen un remedio contra el propio funcionario opresor. *Acevedo* v. *Srio. Servicios Sociales*, 112 D.P.R. 256 (1982).

El derecho del empleado indebidamente despedido a resarcirse del agravio a su patrimonio es respetable, mas el pago repetido por el tiempo que ha ocupado prestando servicios remunerados a otra agencia pública o a la empresa privada es inmoral, particularmente cuando al país lo aflige un desempleo de 25%, frustrante para la nueva generación que egresa de nuestros centros de estudio y entrenamiento. Súmese al cuadro el desfile de empleados cobrando dos veces con inclusión de los aumentos que haya tenido la plaza durante su cesantía, a costa de municipios arruinados que apenas pueden proveer los servicios públicos esenciales, y el Gobierno insular que es su única *tabula in naufragio* enfrentándose a un déficit cercano a los $100,000,000. Son estos los hechos reales, la circunstancia vital, que nutren la

---

(2) *Publio Díaz* v. *E.L.A.*, 106 D.P.R. 854, 869–870 (1978); *Futurama Import Corp.* v. *Trans Caribbean*, 104 D.P.R. 609 (1976).

interpretación sociológica de la Ley para que sirva a la generación presente, en vez de cerrarle puertas; para que sea fuente de reivindicación de derechos sin desnaturalizarse en flagelo del pueblo.

Nuestra constitución ordena en su Art. VI, Sec. 9, que "[s]ólo se dispondrá de las propiedades y fondos públicos para fines públicos y para el sostenimiento y funcionamiento de las instituciones del Estado, y en todo caso por autoridad de ley". ¿En qué ha contribuido al *sostenimiento y funcionamiento de las instituciones del Estado* el empleado durante su cesantía? En nada, es la contestación evidente, y por tanto la nivelación de su ingreso llegado el momento de la reposición, no puede ser mediante *paga* de salarios y sí por vía de indemnización. A la *paga* tienen derecho sólo aquellos que han *prestado servicios*. Este es el concepto recogido en el Art. VI, Sec. 10 de la Constitución, que en lo pertinente dispone: "Ninguna ley concederá compensación adicional a un funcionario, empleado, agente o contratista por servicios al gobierno, después que los *servicios* hayan sido *prestados*. . . . Ninguna persona podrá recibir sueldo por más de un cargo o empleo en el gobierno de Puerto Rico."

El concepto de *servicios prestados* se reitera en el Art. 177 del Código Político, 3 L.P.R.A. sec. 551; y arranca de análoga prohibición en el Art. 34 de la Carta Orgánica de 1917. Documentos Históricos, L.P.R.A., ed. 1982, pág. 107. También quedó aclarado en los procedimientos de la Convención Constituyente el referido concepto de "sueldo" —distinguido de "compensación"— como retribución de *servicios prestados* en palabras del Delegado señor Negrón López. 2 *Diario de Sesiones* 932 (1951).

Es por tanto correcta la calificación que de *indemnización* se atribuye a los remedios provistos en el Art. 31 de la anterior Ley de Personal (Núm. 345 de 12 mayo, 1947) refundidos en la Sec. 7.17 de la Ley de Personal del Servicio Público (Núm. 5 de 14 octubre, 1975 (3 L.P.R.A. sec.

1397))(³) en *Municipio de Coamo,* supra; y es la única interpretación compatible con la constitucionalidad de dicha sección que autoriza desembolsos de fondos públicos para atender a servicios *no prestados.* Como es indemnización, y no salario, la compensación de daños y la nivelación de ingresos del empleado repuesto es pago legítimo como *fin público* (Art. VI, Sec. 9 de la Constitución, *ante*) de la Ley de Personal de impartir eficacia y vigor al principio de mérito. Dicha compensación ha de regirse por los principios generales de la acción provista por el Art. 1802 C.C.

La vigente Ley de Personal refiere a la facultad estimativa del órgano que evalúa el despido la decisión en cuanto a si el resarcimiento del empleado amerita un pago equivalente al *total* o *parte* de los salarios dejados de percibir. La razón para rehusar el importe total de salarios puede ser la acción de la Junta o del Tribunal substituyendo la sanción de destitución por alternativa de suspensión, como se dijo en *Soto Bosque* v. *Junta de Personal,* 85 D.P.R. 814 (1962); variación de la penalidad en cuanto a tiempo de privación de salario, y dentro de la evidente flexibilidad del estatuto, cualquiera otra que en sano ejercicio de arbitrio por el juzgador determine que el resarcimiento del empleado se cumple con menos del importe total de los salarios perdidos, siguiendo la norma de satisfacer daños y perjuicios "merced a la cual se procura la obligada restauración del desequilibrio producido en el patrimonio del acreedor por el incum-

---

(³) Sección 7.17—*Órdenes Remediales*

"(1) En los casos en que la Junta resuelva a favor del querellante, dictará las órdenes remediales pertinentes.

"(2) En casos de destitución, si la decisión de la Junta es favorable al empleado, ésta deberá ordenar su restitución a su puesto, o a un puesto similar. Asimismo deberá ordenar el pago total o parcial de los salarios dejados de percibir por éste desde la fecha de la efectividad de la destitución, y la concesión de todos los beneficios marginales a que éste hubiese tenido derecho.

"(3) En casos de suspensión de empleo y sueldo, si la decisión de la Junta es favorable al empleado, deberá ordenar el pago total o parcial de los salarios dejados de percibir por éste y de todos los beneficios marginales a que éste hubiese tenido derecho durante el período de suspensión."

plimiento de la obligación imputable al deudor".(4) Al aplicar esta norma de esencial justicia, podrán deducirse de la indemnización que corresponda al empleado los salarios percibidos tanto de empresa privada como de empleo público, sin que pueda echarse a dormir en espera de un premio de salarios acumulados por años porque como todo acreedor de daños y perjuicios está en la obligación de aminorar los mismos, y su esperanza de capitalizar el ocio a costa de fondos públicos tropezará con el ejercicio de la discreción judicial para moderar la indemnización reduciéndola al pago parcial de los salarios; al igual que servirá dicha discreción del magistrado para preservar para el empleado el beneficio máximo o pago total de los salarios y concesión de todos los beneficios marginales cuando ante él se justifiquen la inactividad del empleado durante la cesantía y la ausencia de esfuerzo generador de ingresos por dicho período. Si la deducción de sueldos percibidos en el empleo público es mandatoria por razón de los preceptos de la Constitución de 1952 antes citados, la de salarios ganados en la industria privada lo son igualmente deducibles si hemos de extender a ambos empleados la igual protección de las leyes y eludir un discrimen que castiga económicamente al servidor público y por otro lado premia a su contraparte en la industria privada. Éste siempre vendría sujeto al principio que proscribe la "doble compensación" como costo adicional a la sociedad que la paga. *Futurama Import Corp.* v. *Trans Carribbean*, 104 D.P.R. 609 (1976). El actual estado de Derecho constituido por la caracterización en la jurisprudencia patria de la restitución al empleado público ilegalmente despedido como indemnización o resarcimiento de daños y perjuicios, y la latitud de la Ley de Personal en su alternativa de pago *total* o *parcial* de ingresos y beneficios interrumpidos por la acción dañosa,

---

(4) Castán Tobeñas, *Derecho civil español, común y foral*, 10ma ed., Madrid, Ed. Reus, 1967, T. 3, pág. 187.

dejan la dimensión y alcance de este estatuto reparador al arbitrio judicial, que deberá ejercitarse en forma que haga justicia al funcionario o empleado sin exceso detrimental para la sociedad y del modo que más se acerque a la nivelación del patrimonio afectado por el lucro frustrado. Este método de compensación con el equivalente de salarios atiende a la pérdida de ingreso, que es una partida de daños; y no excluye en los casos adecuados la causa de acción en daños y perjuicios del empleado contra el funcionario que le destituye con crasa arbitrariedad y abuso de poder, a la que proveen el Art. 1802 del Código Civil y la derivada del *injunction* de derechos civiles, 32 L.P.R.A. sec. 3524(3)(2). [5] El freno contra los despidos arbitrarios a que este Tribunal se refirió en *Torres Cartagena* v. *Srio. de Instrucción*, supra, pág. 696, tendrá una adicional potencia disuasiva en esta acción civil en daños.

Modificaría la sentencia recurrida al solo efecto de ordenar la deducción de la compensación otorgada a los empleados repuestos, de los ingresos por ellos percibidos durante su cesantía, tanto de fuentes gubernamentales como de empresa privada.

---

[5] Disponiéndose, sin embargo, que el tribunal podrá dictar Orden de entredicho provisional:

"(1) .

"(2) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las Leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o Leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.

"Disponiéndose además; que al dictar dicha orden el Tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes."