Oscar Olivieri Morales y Otros, demandantes y recurrentes, *v.* Jorge A. Pierluisi y Otros, demandados y recurridos.

*Número:* R-81-442      *Resuelto:* 10 de marzo de 1983

*Julio Maymí Pagán* y *Carmelo Guzmán Géigel,* abogados de los recurrentes; *Héctor Urgell Cuebas* y *José Ramón Pérez Hernández,* abogados de los recurridos.

## RESOLUCIÓN

A la moción de reconsideración presentada por la parte recurrida el 17 de febrero de 1983, no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria General. Los Jueces Asociados Señores Dávila, Irizarry Yunqué y Rebollo López reconsiderarían. El Juez Asociado Señor Díaz Cruz reconsideraría al solo efecto de ordenar el descuento de los citados salarios y emolumentos de fuentes privadas, y ha emitido voto concurrente y disidente sobre el particular.

(*Fdo.*) Lady Alfonso de Cumpiano

*Secretaria General*

—O—

Voto concurrente y disidente del Juez Asociado Señor Díaz Cruz.

Deberíamos estimar la solicitud para que ampliemos la norma de *Municipio de Mayagüez* v. *Rivera,* 113 D.P.R. 467 (1982), y *Estrella* v. *Mun. de Luquillo,* 113 D.P.R. 617 (1982), que autoriza deducción —de los salarios dejados de percibir por el empleado durante la cesantía— de aquellos haberes y sueldos devengados provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas, para incluir como deducibles de igual modo los sueldos y emolumentos percibidos en empleos de empresa privada.

La Sec. 7.17 de la Ley de Personal del Servicio Público, 3 L.P.R.A. sec. 1397, que ordena el pago de salarios dejados de percibir cuando la decisión es favorable al empleado, no es disposición punitiva sino reparadora como indica su acápite *Órdenes remediales.* En el curso de resarcimiento y nivelación que subsana la pérdida de ingresos hemos aprobado como trato justo el acordado a los empleados repuestos en la empresa privada que sufren descuento de sueldos de *todas* las fuentes sin distinción de patronos. *Rivera* v. *Junta Relaciones del Trabajo,* 70 D.P.R. 5 (1949); *Berríos* v. *Eastern Sugar Associates,* 85 D.P.R. 119 (1962); *cf. Junta Relaciones del Trabajo* v. *N.Y.&P.R. S/S. Co.,* 69 D.P.R. 814 (1949).

"La pérdida de salario se determinará mediante deducción, de la suma de salarios que normalmente hubiese percibido el empleado, su paga neta, si alguna, en otro empleo durante el período [de cesantía]." *Labor Board* v. *Seven-Up Co.,* 344 U.S. 344, 345 (1953). *Phelps-Dodge Corp.* v. *Labor Board,* 313 U.S. 177, 198 (1941), donde el Supremo federal llama esta deducción "factor social deseable en la adjudicación final" en un sistema legal civilizado y parte de una saludable política de promover la producción y el empleo. El abono de salarios perdidos es medida reparadora tanto en el empleo público como el privado (*Rivera* v. *Junta,* ante, pág. 13), y considerando equitativo el descuento en general en este último, el principio de igualdad ante la ley conduce a que, al liquidar haberes correspondientes a los demandantes restituidos, se les descuenten también los sueldos y emolumentos si algunos, por ellos devengados de fuentes de empresa privada.

Por los fundamentos de mi disenso en *Estrella,* supra, extendería el descuento a sueldos y salarios percibidos de patrono en la empresa privada. Validado ya el descuento de emolumentos originados en el empleo público, ha desaparecido todo efecto disuasivo contra despidos injustos, virtud que en *Torres Cartagena* v. *Srio. de Instrucción,* 94 D.P.R.

690, 694 (1967), se atribuyó al pago total de salarios acumulados durante la cesantía. ¿Dónde ha quedado el efecto punitivo anacrónico que propugna la mayoría? La solución incompleta del dilema ha creado un grave discrimen contra el empleado público que sufre la deducción en su inadecuado salario, mientras se premia y bonifica al empleado de empresa privada cuyos emolumentos, usualmente mucho más altos, serán complementados con rembolso total de lo que dejó de ganar en un empleo público al que es muy improbable que regrese. Hemos tornado las "órdenes remediales" de la Sec. 7.17 (3 L.P.R.A. sec. 1397) de la Ley de Personal, en flagelo expiatorio del empleado público injustamente despedido que bien por vocación de servicio o por falta de acceso a la empresa privada, trata de subsistir en otro empleo gubernamental durante su cesantía. Es como si hubiéramos sentenciado: Continuarán la doble paga y la paga sin trabajar, mas no para el empleado público, a menos que languidezca en la penuria o se degrade en el ocio a la espera del fallo judicial. Triste desenlace de la *teoría de la disuación.*