JOSÉ A. CANDELARIA OJEDA y OTROS, demandantes y recurridos, *v.* MUNICIPIO DE CEIBA, demandado y peticionario.

*Número:* O-82-627    *Resuelto:* 31 de marzo de 1983

*Eliezer Aldarondo Ortiz*, abogado del peticionario; *Hiram Martínez López*, abogado de la parte recurrida.

## SENTENCIA

Hallándose en etapa de ejecución y liquidación de haberes nuestra sentencia en la revisión administrativa (O-80-687) la sala de instancia denegó la solicitud del Municipio demandado para que autorizara el descuento de salarios percibidos por los empleados repuestos, durante el período de cesantía, tanto de fuentes de empleo público como privado. Recurrió el patrono y expedimos auto de *certiorari*. Los demandantes recurridos dejaron el caso sometido por las razones de su escrito de oposición a la expedición del auto, a saber, que las decisiones en *Bachier Ortiz* v. *Pirella, Alcalde de Arroyo*, S. de 29 octubre, 1981, y *Municipio de Mayagüez* v. *Rivera*, R. de 30 diciembre, 1981, no constituyen fuente de derecho jurisprudencial. El argumento fue desplazado por la opinión de este Tribunal en *Estrella* v. *Mun. de Luquillo*, 113 D.P.R. 617 (1982), que autorizó el descuento de haberes y sueldos de empleo público o gubernamental.

La deducción de sueldos y emolumentos percibidos durante la cesantía de fuentes gubernamentales es *cuestión nueva*, enteramente extraña al pleito, y así reconocida por este Tribunal en análogas circunstancias en *Bachier Ortiz* v. *Pirella, Alcalde de Arroyo*, supra; *Municipio de Mayagüez* v. *Rivera*, 113 D.P.R. 467 (1982); y *Estrella* v. *Mun. de Luquillo*, supra. Se concreta, por tanto, la excepción a la regla de que recibido el mandato, lo resuelto por el tribunal de apelación constituye "la ley del caso". Esta excepción fue reconocida desde el año 1949 en *Martínez* v. *Tribunal de Distrito*, 69 D.P.R. 552, 555 (1949), donde basados en cinco precedentes del Tribunal Supremo de los Estados Unidos, dijimos:

Esta Corte ha decidido que resuelto un caso por un tribunal superior y recibido el mandato por el tribunal inferior este último está en el deber de dar cumplimiento a lo ordenado y que lo resuelto por el tribunal superior constituye la ley del caso. (Citas omitidas.) Sin embargo, cuando una cuestión sustantiva nueva enteramente extraña al pleito principal no ha sido suscitada, litigada o resuelta por la corte inferior o por este tribunal, la sentencia y mandato obviamente no pueden tener efecto alguno sobre tal cuestión. *Sprague* v. *Ticonic National Bank*, 307 U.S. 161, 168; *Ex Parte The Union Steamboat Company*, 178 U.S. 317, 319; *In re Potts*, 166 U.S. 263, 266; *In the Matters of Howard*, 76 U.S. 175, 183; *In re Sanford Fork and Tool Co.*, 160 U.S. 247, 256.

La corte inferior puede considerar cualquier cuestión que quedó abierta en el mandato y su decisión podrá revisarse sólo por nueva apelación. *In re Sanford Fork and Tool Co.*, supra.

El principio ha sido reiterado en nuestra jurisprudencia.

Es reconocida generalmente la norma de que las determinaciones de un tribunal apelativo constituyen la "ley del caso" en todas aquellas cuestiones consideradas y decididas y generalmente obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración. Decimos generalmente, ya que se reconoce que "cuando un tribunal se convence de que la ley del caso establecida es errónea y que podría causar una grave injusticia, debe de tener el poder de aplicar una norma de derecho diferente con el propósito de resolver el caso que tiene ante su consideración en una forma justa." *Srio. del Trabajo* v. *Tribunal Superior*, 95 D.P.R. 136, 140 (1967), seguido en *Rivera* v. *Insurance Co. of P.R.*, 103 D.P.R. 91, 94 (1974).

De ahí que la parte recurrida no haya dependido en su alegato de la norma de "ley del caso". La deducción de sueldos originados en fuente ajena al empleo del que fue ilegalmente removida la parte recurrida, es cuestión *substantiva nueva*, que no había sido previamente adjudicada, ni en instancia ni en revisión, y por tanto sustraída por completo a la regla de "ley del caso".

Con estos antecedentes y fundamentos se anula la resolución recurrida y se ordena el referido descuento de los haberes y beneficios que han de liquidarse a estos empleados, si hubieren percibido tales salarios o emolumentos de fuentes gubernamentales durante su cesantía.

Así lo pronunció y manda el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Díaz Cruz ordenaría el descuento adicional de sueldos y emolumentos originados en la empresa privada, consistente con su posición en *Estrella* v. *Mun. de Luquillo*, supra, y *Olivieri Morales* v. *Pierluisi*, 113 D.P.R. 790 (1983). El Juez Presidente Señor Trías Monge disintió. El Juez Asociado Señor Torres Rigual emitió opinión disidente.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Opinión disidente del Juez Asociado Señor Torres Rigual.

Desde el 25 de marzo de 1982 la sentencia dictada por este Tribunal en este caso es final y firme. La sentencia fue emitida el 5 de noviembre de 1981. En ella dispusimos que el Municipio de Ceiba debía reinstalar a los recurridos en sus respectivos empleos y pagarles los salarios dejados de percibir. Negamos reconsiderar nuestro dictamen en cinco mociones consecutivas del Municipio. Devuelto el mandato, los recurridos solicitaron al tribunal de instancia que, conforme las claras disposiciones de la Ley Municipal que obliga a los municipios a incluir en sus presupuestos el pago de sentencias, Art. 6.01(b)(2)(C), 21 L.P.R.A. sec. 3151(b)(2)(C), (1) dictara la correspondiente orden de ejecución. El Municipio

---

(1) El Art. 6.01(b)(2)(C) provee:

"(2) Será mandatorio incluir asignaciones en el presupuesto con crédito suficiente para los siguientes fines y en el orden de prioridad, según aquí se dispone:

. . . . . . . .

"(C) el pago de las sentencias de los Tribunales de Justicia."

de Ceiba ofreció a los recurridos el 24 de noviembre de 1981 pagar los salarios dejados de percibir en seis plazos, comenzando en el presupuesto del año fiscal 1982–83. El tribunal de instancia dictó posteriormente resolución en la que ordenó al Municipio incluir en el presupuesto de 1982–83 una cantidad suficiente para pagar la mitad de la sentencia y la otra mitad en dos pagos iguales, a incluirse en los presupuestos de 1983–84 y 1984–85.

En esta etapa de ejecución de sentencia es que por primera vez pide el Municipio de Ceiba que se descuente a los recurridos los ingresos obtenidos de otras fuentes, pero el tribunal de instancia se negó a ello.

No obstante ser final y firme nuestra sentencia, se pretende ahora por vía de revisión de esta resolución denegatoria, dictada en avanzada etapa de ejecución, dejar sin efecto la ley del caso para aplicar la norma establecida un año más tarde en *Estrella* v. *Mun. de Luquillo*, 113 D.P.R. 617 (1982), para descontar el pago de ingresos obtenidos por los recurridos de otras fuentes gubernamentales. Con inexplicable premura, este Tribunal en una simple sentencia que por sus términos constituye en efecto una alteración a nuestra Sentencia de 5 de noviembre de 1981 y a lo cual, repito, nos negamos a reconsiderar en cinco ocasiones consecutivas, subvierte la ley del caso en menosprecio del principio de la finalidad de la adjudicación.

Peor aún, se pretende sostener tal desacierto con lo resuelto en *Martínez* v. *Tribunal de Distrito*, 69 D.P.R. 552 (1949), que es completamente inaplicable al caso de autos, puesto que el descuento de sueldos de empleo público o gubernamental no es una cuestión sustantiva nueva extraña al caso sino, por el contrario, una cuestión consubstancial con nuestra decisión de 5 de noviembre de 1981. El Municipio pudo y debió haber planteado el descuento a su debido tiempo tal y como se hizo en *Estrella* v. *Mun. de Luquillo*, supra. La norma sobre el mandato fue claramente expuesta

en *Pueblo* v. *Tribunal de Distrito*, 97 D.P.R. 241, 246–247 (1969):

El mandato es el medio oficial de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación. Una vez recibido el mandato el tribunal inferior debe limitarse a dar cumplimiento a lo ordenado, que constituye la ley del caso entre las partes, *Martínez* v. *Tribunal de Distrito*, 69 D.P.R. 552, 555 (1949); *Lluberas* v. *Mario Mercado e Hijos*, 77 D.P.R. 458, 461 (1954); *Estado* v. *Ocean Park Development Corp.*, 79 D.P.R. 158, 173 (1956), aun en cuanto a cuestiones jurisdiccionales que no fueron planteadas ante este Tribunal, *Fiddler* v. *Tribl. Contribuciones*, 68 D.P.R. 847, 851 (1948), y en cuanto a cualquier otra que pudo haberse levantado en el recurso de revisión de la sentencia, *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 705 (1946).

Por tales razones, disiento.