# 2000 DTA 140

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE AGUADILLA/MAYAGUEZ**

MAUREEN ROMAN ROSADO Y OTROS 22
Recurridos

v.

MUNICIPIO DE AGUADILLA
Recurrente

Núm. KLRA-2000-00384

San Juan, Puerto Rico, a 13 de junio de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

Escribano Medina, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe, interesa la revisión de la resolución que la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) emitió el 24 de marzo del 2000 enmendada por JASAP el 2 de mayo de 2000. Mediante la misma, se determinó que el municipio de Aguadilla (Municipio) debía reinstalar a todos los apelantes cuyos puestos tuviesen equivalencia en otra dependencia del municipio. Además, se les deberían pagar todos los salarios dejados de percibir, siempre y cuando se descontase cualquier compensación recibida por servicios prestados en el servicio público.

### I

El 31 de julio de 1997, la parte apelante solicitó a JASAP la revisión de la determinación hecha por el Municipio de Aguadilla de cesantear a un grupo de empleados, de conformidad al Plan de Cesantías debidamente aprobado y según autorizado por la Ley de Municipios Autónomos, Ley Núm. 81 del 30 de agosto de 1991.

JASAP resolvió a favor de la parte apelante mediante resolución dictada el 24 de marzo y archivada en autos el 28 de marzo del 2000. Con ello, ordenó al Municipio de Aguadilla, entre otras cosas, la reinstalación de los

empleados, conjuntamente con el pago de los haberes dejados de percibir durante la cesantía, siempre y cuando se descontasen los salarios recibidos por otras agencias, instrumentalidades o dependencias gubernamentales.

El Municipio presentó Moción de Reconsideración a la resolución mencionada, el 18 de abril del 2000. Se solicitó se aclararan unos aspectos de varios empleados y que se descontasen todos los salarios recibidos por dichos empleados durante la cesantía, independientemente de que la fuente de ingreso fuera privada o gubernamental. JASAP dictó una resolución enmendada el 2 de mayo del 2000 y archivada el 5 de mayo del mismo año mediante la cual aclara algunos aspectos sobre varios empleados y deniega la solicitud para descontar los salarios recibidos durante la cesantía, independientemente que la fuente de ingreso sea privada o gubernamental. El Municipio recurre ante el Tribunal de Circuito de Apelaciones mediante revisión presentada el 30 de mayo del 2000. Alega los siguientes dos errores:

*"Erró JASAP al no desestimar la causa de acción presentada por Claribel Suárez.*

*Erró JASAP al no descontar todos los salarios recibidos por los empleados durante la cesantía, independientemente de si la fuente era privada o gubernamental."*

## II

La función revisora de los tribunales, con respecto a las determinaciones de las agencias administrativas, es limitada. Es doctrina firmemente establecida que los procedimientos y decisiones ante un organismo administrativo tienen a su favor una presunción de regularidad y corrección que debe ser respetada, mientras la parte que lo impugne no produzca evidencia suficiente para derrotarlas. *Misión Industrial de P.R. v. Junta de Planificación*, **98 J.T.S. 79**; *Facultad para las Ciencias Aplicadas, Inc. v. Consejo de Educación Superior*, **93 J. T.S. 88**; *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194.

Como regla general, los tribunales miran con deferencia las determinaciones de hechos y las interpretaciones de la ley cuya administración le fue encomendada por la Legislatura, efectuadas por las agencias administrativas. Se presume que la agencia posee un conocimiento especializado en los asuntos que le han sido encomendados, por lo que la función de un tribunal revisor se limita a determinar si la interpretación o actuación administrativa fue razonable. *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692.

La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175, (L.P.A.U.), trata sobre el alcance de la revisión judicial, y en lo que concierne a las determinaciones de hechos de la agencia, establece que las mismas serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo.

El Municipio nos solicita, en su primer error, que aclaremos la determinación hecha en la resolución enmendada dictada el 2 de mayo del 2000. En dicha resolución, dispone que en cuanto a la solicitud de desestimación de la apelación de la Sra. Claribel Suárez, nada que proveer, ver la Resolución y Orden Interlocutoria Parcial de 23 de junio de 1999 notificada el 29 de junio del mismo año. ■

Alega el peticionario que lo que dispone la mencionada Resolución es que se desestimó la apelación de Claribel Roldán Badillo, quien es persona distinta a Claribel Suárez. No estamos en posición de hacer una determinación al respecto si los peticionarios no presentan los documentos necesarios para sustentar su posición. No tenemos copia de la Resolución del 23 de junio de 1999, ni tampoco una transcripción de la prueba en la que podamos corroborar la no comparecencia de la Sra. Suárez para probar la alegaciones presentadas en apelación.

El Municipio alega, como segundo error, que JASAP debió descontar los ingresos recibidos de fuentes no gubernamentales. En el caso *Estrella v. Municipio de Aguadilla*, 113 D.P.R. 617, el Tribunal Supremo dispuso que:

*"A tal efecto, resolvemos que en la ejecución de la sentencia deben descontarse todos los haberes y sueldos*

*devengados, si alguno, durante el período en que los demandantes-recurridos estuvieron cesanteados, provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas."*

En el caso de *Rivera v. Junta de Relaciones del Trabajo*, 70 D.P.R. 5, se estableció que el patrono tiene derecho a deducir del importe adeudado a sus empleados cualesquiera sumas devengadas de otros patronos para quienes trabajaron durante el período que no trabajaron para el patrono, sin hacer distinción alguna si el patrono es el gobierno o privado.

Aunque es cierto que este caso se decide bajo la Ley de Relaciones del Trabajo, 29 L.P.R.A. sec 62, entendemos que bajo los hechos específicos de nuestro caso, se debe permitir la deducción de sueldos percibidos durante la cesantía de los apelados, de haber algunos, sean de origen privado o del gobierno. De lo contrario, estaríamos permitiendo una doble compensación a los empleados cesanteados que hayan trabajado con la empresa privada. En *Estrella v. Municipio de Aguadilla, supra,* se decide que esta doble compensación no se puede permitir cuando la doble compensación proviene de sueldos del gobierno, según lo dispone nuestra Constitución, Art. VI, Sec. 10. Resuelve, además, que el remedio de reposesión con pagos de sueldos es una remuneración y no una indemnización, según antes resuelto en *Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932. Por no aplicar el citado Art. VI, Sec. 10, de nuestra Constitución, el caso mantiene silencio sobre la doble compensación cuando son salarios en empresa privada. No hemos encontrado otro precedente en derecho que nos indique otra cosa distinta a la resuelta en *Rivera, supra.* Reconocemos que Rivera fue en otros tiempos y en otra legislación. No obstante, el derecho que éste establece, pertinente a nuestro caso, no ha sido revocado al día de hoy. Aunque es cierto que se podría argumentar alguna distinción con el caso que nos ocupa, estamos convencidos que el derecho que tiene el empleado a recuperar su sueldo por el período que estuvo cesanteado, no se concede de modo punitivo, sino de modo reparador, particularmente si tomamos en consideración que el remedio no es una indemnización, sino una remuneración. Por este fundamento, es que hemos decidido permitir la deducción de los sueldos de los apelados, de haber algunos, percibidos en la empresa privada.

### III

Por los fundamentos expuestos, se modifica la resolución dictada por JASAP, a los únicos efectos de que el Municipio de Aguadilla pueda descontar a los empleados todos los haberes y sueldos devengados, si alguno, durante el período en que estuvieron cesanteados, provenientes de labores realizadas en la empresa privada. Así modificada, será confirmada.

La Juez López Vilanova disiente mediante voto por separado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## VOTO DISIDENTE DE LA JUEZ DE APELACIONES
## SRA. LOPEZ VILANOVA -- 2000 DTA 140

San Juan, Puerto Rico, a 19 de junio de 2000

Disiento del dictamen mayoritario que modifica el emitido por la Junta de Apelaciones del Sistema de Administración de Personal (JASAP). Este Tribunal autoriza al Municipio de Aguadilla a descontarle a los

empleados aquí recurridos la compensación que recibieron en la empresa privada. Con toda deferencia a los señores jueces compañeros de Panel, dicha modificación es contraria a derecho al adoptar la doctrina disidente del caso normativo *Estrella v. Municipio de Aguadilla*, 113 D.P.R. 617, donde el Tribunal Supremo interpretó el Art. VI, Sec 10 de la Constitución del Estado Libre Asociado sobre doble compensación que dispone *"... y que ninguna persona podrá recibir sueldo por más de un cargo o empleo en el Gobierno de Puerto Rico."*

Dicha prohibición de doble compensación opera contra el empleado ilegalmente cesanteado que presta servicios al gobierno durante su cesantía.

La opinión mayoritaria en el caso *Estrella v. Municipio de Aguadilla, supra,* 619, expresada por el juez Negrón García expuso:

*"... resolvemos que en la ejecución de la sentencia deben descontarse todos los haberes y sueldos devengados, si alguno, durante el período en que los demandantes-recurridos estuvieron cesanteados, provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas. Municipio de Coamo v. Tribunal Superior, 99 D.P.R. 9321, supra, queda por la presente revocado. Véase Municipio de Mayagüez v. Rivera, 113 D.P.R. 467 (1982)."*

Se ha pretendido interpretar esta decisión del Tribunal Supremo como un *"silencio"* en el ámbito de compensaciones provenientes de la empresa privada que ahora se pretende expandir e incluir mediante la decisión de la mayoría de este Panel. Esta extensión o interpretación del *"silencio"* es contraria a derecho, ya que la opinión disidente de *Estrella v. Municipio de Aguadilla, (supra)* 626, expresada por el juez Díaz Cruz, expuso en su conclusión:

*"...Modificaría la sentencia recurrida al sólo efecto de ordenar la deducción de la compensación otorgada a los empleados repuestos, de los ingresos por ellos percibidos durante su cesantía, tanto de fuentes gubernamentales como de empresa privada."*

Claramente, aquí no hay un *"silencio"* que interpretar. El Tribunal Supremo evaluó la inclusión de compensaciones provenientes de la empresa privada y rechazó su inclusión bajo la interpretración constitucional del Art. VI Sección 10 de la Constitución del Estado Libre Asociado. Esto forzó a que en su opinión disidente, el Honorable Díaz Cruz expresara que sí incluiría fuentes de la empresa privada.

El caso de *Estrella v. Municipio de Aguadilla, supra,* ha sido citado en seis (6) casos posteriones ▪ como ejemplo de metodología de compensación donde se descuenta sólo las compensaciones de fuentes gubernamentales. Específicamente, en *Olivieri Morales v. Pierluisi*, 114 D.P.R. 23 (1983), plantea nuevamente la disyuntiva de incluir fuentes privadas. Una vez más, la mayoría del Tribunal Supremo se reafirma en una resolución en reconsideración donde se niega a incluirlas. El Honorable Juez Díaz Cruz en su voto concurrente y disidente expone:

*"Deberíamos estimar la solicitud para que ampliemos la norma de Municipio de Mayagüez v. Rivera, 113 D. P.R. 467 (1982), y Estrella v. Mun. de Luquillo, 113 D.P.R. 617 (1982), que autoriza deducción --de los salarios dejados de percibir por el empleado durante la cesantía--, de aquellos haberes y sueldos devengados provenientes de labores realizadas en el Gobierno, agencias, municipalidades o cualesquiera otras instrumentalidades públicas, para incluir como deducibles, de igual modo, los sueldos y emolumentos percibidos en empleos de empresa privada."*

La mayoría de este Panel pretende ampliar las fuentes de derecho de nuestro sistema civilista al incluir las opiniones disidentes del Tribunal Supremo de Puerto Rico. Este Tribunal se arroga un derecho que no tiene. Usurpa el poder legislativo de ser fuente de ley. Usurpa, además, el poder del Tribunal Supremo de Puerto Rico como último intérprete de la Constitución de Puerto Rico. Por segunda ocasión ▪ este Tribunal prolonga la injusticia contra estos empleados que corrigió JASAP. Más aún, crea un serio precedente en contra de los

empleados públicos.

Para evitar otra injusticia hacia el fiel servidor público y mantener el Estado de Derecho en Puerto Rico, por lo anteriormente expuesto, confirmaríamos en su totalidad el dictamen de J.A.S.A.P.

**JOCELYN LOPEZ VILANOVA**
**Juez de Apelaciones**