ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **ENEIDA CORDERO DELGADO; ROCAMAR CARIBE, LLC**<br><br>Recurridos<br><br>v.<br><br>**ALLIED CAR AND TRUCK RENTAL. INC., y otros**<br><br>Peticionarios | TA2025CE00973 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>**F DP2017-0124**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de marzo de 2026.

Comparecen ante nos Allied Car and Truck Rental Inc. (en adelante, Allied) y AAA Car Rental, Inc., el señor Rhamses Carazo (en adelante, señor Carazo), su esposa, la señora Blanca A. Forastieri (en adelante, señora Forastieri), y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, Allied y otros o peticionarios) y solicitan la revocación de la orden emitida el 17 de octubre de 2025, notificada y archivada en autos el 28 de octubre, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI). Mediante la decisión aquí recurrida, el TPI le concedió un término adicional de 10 días a la señora Eneida Cordero Delgado (en adelante, señora Cordero Delgado) y a Rocamar Caribe, LLC (en adelante, Rocamar) (en conjunto, señora Cordero Delgado y Rocamar o recurridas) para que contestaran el requerimiento de admisiones propuesto por Allied y otros, so pena de darlos por admitidos.

Por los fundamentos que se expondrán a continuación, se expide el auto de *certiorari* solicitado y se revoca la determinación interlocutoria del foro primario cuestionada.

**I.**

Surge del expediente que, el 24 de mayo de 2017, la señora Cordero Delgado y Rocamar incoaron una *Demanda* sobre daños y perjuicios contra Allied y otros. Alegaron que Allied realizó unas perforaciones a un muro divisor que provocó unas corrientes de agua que afectaron su propiedad. El 1 de diciembre de 2017, la señora Cordero Delgado y Rocamar presentaron su *Demanda Enmendada* para incluir a AAA Car Rental, Inc. como codemandado.

En respuesta a esto, el 3 de mayo de 2018, la señora Forastieri contestó la demanda enmendada. Arguyó, entre otras cosas, que la reclamación no justificaba la concesión de un remedio y falta de parte indispensable. Allied, el señor Carazo y la Sociedad Legal de Gananciales Carazo-Forastieri contestaron la demanda enmendada el 19 de septiembre de 2018.

Luego de varios trámites procesales, el 16 de marzo de 2023, mediante una *Sentencia* en el recurso KLAN202201057, un Panel Hermano determinó que una *Sentencia* pronunciada por el foro recurrido el 14 de julio de 2022 era nula porque el TPI "incidió al anotar en rebeldía a [Allied y otros] sin previo aviso del reiterado incumplimiento de su representación legal con las órdenes del Tribunal". Por ello, se violentó el debido proceso de ley de Allied y otros, al estos no haber sido apercibidos directamente sobre la conducta inadecuada de sus representantes legales para brindarles la oportunidad de remediar la situación antes de la imposición de la medida drástica de la anotación de rebeldía. En consecuencia, se revocó al foro primario y se devolvió el caso para la continuación de los procedimientos.

Así las cosas, el TPI pronunció una *Resolución y Orden de Señalamiento* el 19 de enero de 2024. Mediante esta, dejó sin efecto la anotación de rebeldía contenida en la *Resolución* del 11 de septiembre de 2020. Asimismo, convocó una vista de estado de

procedimientos para el 4 de marzo de 2024. Según ordenado, se celebró la audiencia en la fecha pautada. En esta, el foro recurrido dictaminó que, conforme con lo resuelto por esta Curia, se continuaría con el descubrimiento de prueba. Sobre el particular, el TPI puntualizó que "el mandato es claro y la discreción es corta … hubo una sentencia que se dejó sin efecto; se declaró nula…" Así, entre otras cosas, convocó a una reunión a celebrarse el 3 de abril de 2024

Tras ello, el 1 de abril de 2024, Allied y otros le suministraron a la señora Cordero Delgado y Rocamar un primer pliego de interrogatorios. En la reunión sostenida el 3 de abril de 2024 entre los representantes legales de las partes, la señora Cordero Delgado y Rocamar se negaron a producir la prueba solicitada el 1 de abril de 2024.

Un año más tarde,[1] el 30 de abril de 2025, el TPI emitió una *Orden* mediante la cual le requirió a las partes que informaran en 20 días el estatus procesal del descubrimiento de prueba conforme con lo acaecido en la vista del 4 de marzo de 2024.

El 3 de septiembre de 2025, la señora Cordero Delgado y Rocamar presentaron una *Moción sobre el estado de los procedimientos y para que se emita [un] señalamiento [para la celebración de] una vista procesal* mediante la cual manifestaron que "no existen asuntos pendientes de calendarización respecto al descubrimiento de prueba toda vez que estos se habían dado por concluidos". En respuesta a esto, el 10 de septiembre de 2025, Allied y otros presentaron una *Moción informativa y para que se tome*

---

[1] El 16 de mayo de 2024, Allied y otros presentaron una *Solicitud Conforme [con] la Regla 63.2 de Procedimiento Civil*. Este petitorio fue declarado no ha lugar el 6 de junio de 2024 mediante una *Resolución*, por lo cual se refirió el asunto a la jueza administradora de la región judicial correspondiente. Tras ello, la jueza administradora pronunció una *Resolución* el 13 de junio de 2024, ratificando lo decidido por el TPI. Sin embargo, el caso se reasignó a otra sala el 12 de marzo de 2025.

*conocimiento judicial y se [dé por admitido] el requerimiento de admisión conforme [con] la Regla 33 de [las de] Procedimiento Civil.*

Consecuentemente, el 6 de octubre de 2025, el foro primario pronunció una *Orden* para que se continuara con el descubrimiento de prueba "tras haberse declarado nula la Sentencia previamente emitida". Asimismo, el 17 de octubre de 2025, el TPI emitió otra *Orden,* notificada y archivada en autos el 28 de octubre de 2025, reiterando que ya se había levantado la rebeldía y que correspondía proseguir con el descubrimiento de prueba. Para fomentar esto, el foro recurrido le otorgó un término de 10 días a la señora Cordero Delgado y Rocamar para que suplieran su contestación al requerimiento de admisiones previamente suministrado por Allied y otros el 1 de abril de 2024, so pena de darlas por admitidas.

Inconformes, Allied y otros presentaron una reconsideración el 29 de octubre de 2025 mediante la cual recalcaron que se debía dar por admitido el requerimiento de admisiones cursado el 1 de abril de 2024 porque este no fue contestado dentro del término establecido de 20 días y tampoco la señora Cordero Delgado y Rocamar acreditaron una justa causa para tal dilación. Empero, el 2 de diciembre de 2025, el TPI pronunció y notificó una *Orden* mediante la cual declaró no ha lugar al petitorio de Allied y otros.

Insatisfechos aún, el 30 de diciembre de 2025, Allied y otros acudieron ante este foro revisor mediante un *Certiorari,* señalando la comisión del siguiente error:

> Erró el TPI al negarse a dar por admitido [*sic*] el Requerimiento de Admisiones cursado, a pesar de haber transcurrido tiempo en exceso de los veinte (20) días establecidos en la Regla 33 de Procedimiento Civil. ([T]ranscurrió más de un año y medio).

Por su parte, el 30 de enero de 2026, la señora Cordero Delgado y Rocamar comparecieron mediante su *Alegato de la Parte Recurrida.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

Apelaciones, *supra,* enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

La doctrina de la ley del caso está enraizada en los principios de la pronta y ordenada solución de los litigios, la necesidad de darle

finalidad a las adjudicaciones, y el principio de estabilidad y certeza del derecho. *Torres Cruz v. Municipio de San Juan,* 103 DPR 217, 222 (1975); *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136, 141 (1967). Por lo tanto, esta aplica cuando se ha pronunciado algún dictamen interlocutorio respecto a algún elemento material a una controversia jurídica, pero no ha recaído una sentencia final sobre la totalidad de las reclamaciones.

En *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599, 606 (2000), el Tribunal Supremo de Puerto Rico discutió esta doctrina y señaló que los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. Es decir, los planteamientos que han sido objeto de adjudicación por el foro de instancia o un foro apelativo gozan de las características de firmeza y, en ciertas circunstancias, de finalidad. Véase *Sánchez Rodríguez v. López Jiménez,* 118 DPR 701, 704 (1987); *Martínez v. Tribunal de Distrito*, 69 DPR 552, 555 (1949).

De modo que, la doctrina de la ley del caso recoge una costumbre deseable que consiste en que las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa deben respetarse como finales. De esta manera, las partes en un litigio pueden, en lo posible, conducir su proceder en el pleito sobre unas directrices judiciales confiables y certeras. *Mgmt. Adm. Servs. Corp. v. ELA*, supra, a la pág. 607.

Aunque en nuestra jurisdicción la doctrina de la ley del caso no goza de aceptación incondicional, más cuando se cuestiona su corrección dentro de los procesos judiciales en curso, el foro primario debe resistirse a alterar sus pronunciamientos dentro de un mismo caso, a menos que se convenza de que los mismos son manifiestamente erróneos. Este principio garantiza el trámite ordenado y rápido de los litigios, así como la estabilidad y la certeza del derecho que aplican los tribunales. Es simplemente una sana

práctica judicial que solo puede obviarse en situaciones extremas. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 754-755 (1992).

**B.**

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico le conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. En términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez*, supra, pág. 844, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Véase Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1 y *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced*, supra.

Uno de los instrumentos con los que cuentan las partes litigantes para delimitar las controversias del pleito, y con ello promover la solución expedita de los procedimientos, es el requerimiento de admisiones. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007)*; Audiovisual Lang v. Sist. Est. Natal Hnos.*, 144 DPR 563, 573-574 (1997). Este se encuentra regulado por la

Regla 33 de las de Procedimiento Civil, *supra,* la cual dispone lo siguiente:

(a) *Requerimiento de admisión.* - A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. […]

[…]

Según expuesto, la norma impone que la parte interpelada conteste el requerimiento cursado bajo juramento, admitiendo o negando lo inquirido, en un término mandatorio de 20 días. De incumplirse con dicho término, se tendrá por admitido el requerimiento, lo cual no requiere una orden judicial, relevando así a la parte adversa de tener que presentar prueba en el juicio sobre el particular. *Rivera Prudencio v. Mun. de San Juan,* supra, págs. 171 y 174. En el ejercicio de su discreción, el tribunal debe

interpretar la mencionada regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. *Audiovisual Lang v. Sist. Est. Natal Hnos.,* supra, págs. 573-574.

Ahora bien, es importante recalcar que las disposiciones de la Regla 33 de las de Procedimiento Civil, *supra,* son imprescindibles, no meramente directivas, lo que implica que debe haber un cumplimiento sustancial con estas. No obstante, al aplicarla e interpretarla, no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Véase, Regla 1 de las de Procedimiento Civil, *supra.*

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y lo encaucen con el objetivo de garantizar un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no debemos intervenir con ella, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.,* supra, pág. 745.

**III.**

En su recurso, los peticionarios esencialmente arguyen que el foro primario incidió al no admitir el requerimiento de admisiones cursado el 1 de abril de 2024 tras haber transcurrido el término de 20 días establecido en la Regla 33 de las de Procedimiento Civil, *supra,* sin que las recurridas hayan provisto justa causa para el incumplimiento.

Por su parte, las recurridas alegan que el TPI no estaba obligado a dar por admitido el requerimiento de admisiones porque el descubrimiento de prueba ya había culminado y porque Allied continuaba en rebeldía y, por ende, no tenía derecho a solicitar un intercambio de evidencia.

Tras un análisis ponderado del tracto procesal del caso, colegimos que se cometió el error señalado por los peticionarios y expedimos el auto de *certiorari* y revocamos el dictamen cuestionado.

Los peticionarios solicitaron que se diera por admitido el requerimiento de admisiones cursado el 1 de abril de 2024 porque las recurridas incumplieron con el término de 20 días estatuido para responderlo y tampoco suplieron una justa causa para su dilación. En contravención con lo solicitado, el foro primario le proporcionó un término adicional a las recurridas para que estas contestaran.

De ordinario, no intervenimos sobre el manejo del caso del foro primario, pero, interpretamos que el TPI abusó de su discreción al otorgarle un término de 10 días a la señora Cordero y a Rocamar para que contestaran en pliego de interrogatorios. Como hemos esbozado, existe una *Sentencia* final y firme dictaminada por un Panel Hermano de este Tribunal Apelaciones que constituye la ley del caso. Conforme con eso, el foro recurrido levantó la rebeldía de las peticionarias y convocó una vista de estado mediante una *Resolución y Orden de Señalamiento* expedida el 19 de enero de 2024. Durante la audiencia referenciada, la cual se llevó a cabo el 4 de marzo de 2024, el foro primario recalcó que se debía cumplir con la ley del caso y, por ende, correspondía iniciar con el descubrimiento de prueba; así, convocó una reunión compulsoria entre los representantes legales de las partes para el 3 de abril de 2024. Consecuentemente, el 1 de abril de 2024, Allied y otros

cursaron su pliego de requerimiento de admisiones, el cual no fue contestado.

Un año después, el TPI emitió tres órdenes distintas: (1) una el 30 de abril de 2025 para que las partes informaran el estatus de los procedimientos; (2) una el 6 de octubre de 2025 para que se continuara con el descubrimiento de prueba según lo discutido en la audiencia del 4 de marzo de 2024, y (3) una el 17 de octubre de 2025, mediante la cual le suplió un término adicional de 10 días a las recurridas para que presentaran su contestación al pliego, *so pena* de ser admitidos. Ante ello, nos parece que el TPI abusó de su discreción al extender irrazonablemente el término para contestar de la señora Cordero Delgado y Rocamar.

Concluimos, pues, que el foro recurrido no tenía discreción para extender el término de estricto cumplimiento provisto en la Regla 33 de las de Procedimiento Civil, *supra*, porque las recurridas no acreditaron una justa causa para su incumplimiento. Como hemos puntualizado, se admitirán automáticamente, sin la necesidad de alguna orden judicial, los requerimientos de admisiones que no hayan sido contestados bajo juramento dentro del término de 20 días. *Rivera Prudencio v. Mun. de San Juan,* supra, págs. 171 y 174. Aunque el TPI puede ejercer su discreción sobre el asunto para promover la resolución de los pleitos en sus méritos, justipreciamos que, ante la carencia de una justa causa y tras haber transcurrido *casi dos (2) años desde que se cursó el requerimiento* en este caso, no procede otorgarle algún plazo adicional a las recurridas para contestarlo. En suma, el requerimiento de admisiones debe ser admitido en evidencia, relevando así a las partes de presentar prueba sobre su contenido en el juicio. Por ello, procede expedir el auto discrecional y revocar el pronunciamiento impugnado.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos la *Orden* pronunciada por el TPI el 17 de octubre de 2025. Se devuelve el caso al foro recurrido para la continuación de los procedimientos conforme con lo aquí decidido.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones